Water Quality Improvement Act; oil-spül clecm-up costs. — On September 30, 1976 the court entered the following order:
Before Davis, Judge, Presiding, KitNzig and BeN-Nett, Judges. .; . .
“The City of Pawtucket (City) seeks reimbursement for clean-up expenses it incurred combatting an nil .spill from two city-owned storage tanks. The City relies on Section 11 *325 (i) (1) of- tlie Water Quality Improvement Act of 1970, 33 U.S.C. -§ÍS21(i) (1) (1970) (Supp. Y, 1975), which states:
Recovery of removal costs
(i) (1) In. any case where an owner or operator of a vessel or an onshore facility or an offshore facility from which oil or a hazardous substance is discharged in violation of subsection (b) (3) of this section acts to remove such oil or substance in accordance with regulations promulgated pursuant to this section, such owner or operator shall he entitled to recover the .reasonable costs incurred in such removal upon establishing, in a suit which may be brought against the United States Government in the United States Court of Claims, that such discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United States Government, or .(D) an act or omission of a third party without regard to whether such act or omission was or was not negligent, or of any combination of the foregoing causes, [emphasis added] ■
The City maintains that a vandal (a third party* by the terms of 'part D of the above statute) was the sole cause of an October 6,1974 oil spill. However, upon consideration of the defendant’s motion for summary judgment, the briefs and exhibits filed with the court, we hold the City is' not entitled to recover. ■ ' ;
“The City acquired the storage tanks in January 1974, when it purchased the land on which' they are located. No plans were made for the use of the oil in the tanks; in fact, plans were discussed concerning destruction of the tanks themselves.' Attempts to sell the oil failed when it proved to be ‘stale’ and unmerchantable. At the time the City took possession, security facilities were in a state of disrepair. Surrounding fences were incomplete and featured gaping holes through which even City employees gained access to the tanks. Floodlights illuminating the tank area had burned out. The lock on the gate’ did not have a key. The tanks’ spigots were unlocked. Drainage facilities to protect against accidental spillage were in disrepair. No action was taken with regard to the security facilities during the eight months of City ownership which preceded the oil spill.
“The focal point of this litigation is the.definition..of the word ‘solely’ contained in subsection (i) (1) of 33 U.S.C. *326 § 1321, supra. The City’s position is that the spill was solely caused by a vandal. The Government says the City’s omissions constitute a cause of the spill; therefore, the vandal was not the sole cause. As the vandal was not the sole cause, the Government continues, the City is not entitled to recover.
“The Government is clearly correct. Title 33 U.S.C. § 1321 (i) (1) requires plaintiff to prove that the discharge was caused solely[1] by an act or omission of a third party. Tanker Upgrade No. 18, Inc. v. United States, 208 Ct.Cl. 488, 492-3, 526 F.2d 805, 807 (1975), cert denied, 426 U.S. 920 (1976). This the City has failed to do. In fact, the Government’s exhibits, including pictures, affidavits, depositions and interrogatories indicate that the oil spill was primarily caused by the omissions of the City.
“While this case does not present facts as strong for the Government as Tanker Hygrade No. 18, Inc., supra, it is clearly controlled by it. In that case, involving an oil spill resulting from a collision, the ‘third party’ which struck plaintiff’s barge was a wholly-owned subsidiary of the company which also owned the plaintiff, Hygrade No. 18. The court, applying collateral estoppel from an earlier case,[2] held that the accident was not caused solely by the acts of a third party. The common ownership of the corporations involved prevented plaintiff from recovering.
“Here the third party is unknown. But it was the omissions of plaintiff which gave the third party easy access to the tank area and created a situation conducive to vandalism. The evidence shows gaping holes in the protective fence, no lighting in the tank area, lack of a working lock on the gate (City personnel desiring access were forced to crawl under the fence), unprotected oil tank spigots, improper drainage spouts for possible overflow oil, and a variety of almost ‘Keystone Kop’ antics of local guards and officials. All of the above lead to the conclusion that the City was *327 definitely a major contributing cause to the oil spill.[3] In view of this, it cannot be said that a vandal was the sole cause of the spill within the meaning of S3 U.S.C. §1321 (i)(l), supra. Tanker Hygrade No. 18, Inc., supra.
“Unlike Shell Pipe Line Corp. v. United States, Ct. Cl. No. 108-75 (Order entered April 16,1976), which involved an oil spill from a ruptured pipe line, we do not need to remand this case for finding of fact. There the crucial issue of ground subsidence was contested. Here examination of the papers filed shows agreement as to the material facts. The failure here of either party to show a genuine issue as to a material fact allows us to render a decision as to the merits. Bule 101 (d); see Housing Corp. of America v. United States, 199 Ct. Cl. 705, 710, 460 F.2d 922, 924 (1972).
“Accordingly, having viewed the photographs supplied, having studied the affidavits and discovery materials of the parties, and upon the authority of 33 U.S.C. § 1321, supra, and Tanker Hygrade No. 18, Inc., supra, it is hereby ordered that defendant’s motion for summary judgment is granted and the petition is dismissed.”

 As ‘solely’ Is not defined in the Act, its common definition is assumed : ‘Without an associate; singly; alone.’ Webster’s Third New International Dictionary (3971).

 United States v. Ira S. Bushey & Sons, Inc., 363 F. Supp. 110 (D. Vt.), aff’d, 487 F.2d 1393 (2d Cir. 1973), cert. denied, 417 U.S. 976 (1974).

 As well, note that 40 CFR § 1126 (1975) provides civil penalties for failure to maintain the required preparedness plan. The failure of the City to maintain the required plan, especially where, as here, the Injury (the spill) is the one which the regulation is designed to protect against, could be considered negligence per se. Freeman v. United States, 509 F.2d 626, 630 (6th Cir. 1975). This failure alone by the City could perhaps be sufficient to bar its recovery from the Government. Because of the additional fact? present in this ease, however, the court need not base its decision on this point.