"Proctor Wholesale Company sues to recover, under Section 311(i)(1) of the Federal Water Pollution Control Act, 33 U.S.C. § 1321(i)(1) (Supp. V, 1975), its costs of removing spilled oil from United States waters. Both the plaintiff and the United States have moved for summary judgment and the case, which has been argued orally, is ready for disposition.
*1050 "The facts are these: On October 12 or 13, 1975, about 4,000 gallons of asphalt conditioner were discharged from an oil storage tank (a converted railroad tank car) located on property owned by plaintiff which had been purchased from the City of Hickory, North Carolina, some forty days prior to this incident. A large amount of the spilled asphalt conditioner found its way into Horseford Creek, Hickory, and from there into Lake Hickory, an impoundment of the Catawba River. The discharge apparently occurred through the opening by an unknown third party — presumably a vandal — of the valve in the storage tank. Proctor Wholesale was responsible for most of the clean-up effort and says it incurred over $12,500 in that work.
"The statute provides that the owner or operator of an onshore facility from which oil or a hazardous substance is discharged into United States waters who acts to remove the oil or substance from those waters shall be entitled to his reasonable costs 'upon establishing, in a suit which may be brought against the United States Government in the United States Court of Claims, that such discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United States Government, or (D) an act or omission of a third party * * V Plaintiff relies here on subsection (D), i.e. an act or omission of a third party.
"No doubt a third party was involved in the spill but the critical issue is whether the discharge was caused "solely” by that third party’s act or whether the plaintiff was at least partially responsible. In City of Pawtucket v. United States, 211 Ct. Cl. 324 (1976), the court made it clear that a claimant cannot recover, even if a vandal or third party immediately caused the spillage, if the claimant does not prove that it acted reasonably to prevent or forestall such intervention by the third party. The burden of proof lies on the claimant.
"We find that Proctor Wholesale did not exercise the required level of reasonable care. The spill occurred about forty days after plaintiff acquired the property, with two oil tanks on it, from the City of Hickory. Apparently plaintiff did not even trouble to ascertain for sure what the tanks *1051 contained, although it was quite aware of their existence.[1] And although Proctor was also aware that third persons could gain access to the property and the tanks, it took no action prior to the spill to restrict or prevent such access to the area on which the tanks were located. There was no fence around the tanks or the property, there was no-external lighting on the property to help prevent vandalism, and the area was not patrolled by police or other security personnel. Nor was there any dike or berm around the tanks to retain oil accidentally or intentionally discharged from the tanks. Moreover, the company was clearly on notice from the type of the tanks that they might well contain oil or a comparable substance. Yet nothing whatever was done in the forty days after the property on which the tanks stood was transferred from the City of Hickory to Proctor. Forty days is not too short a period within which a property owner should take preventive action against spillage of oil (or a comparable substance) located on its property.
"The result is that, here as in City of Pawtucket, supra, 'it was the omissions of plaintiff which gave the third party easy access to the tank area and created a situation conducive to vandalism,’ and 'it cannot be said that a vandal was the sole cause of the spill within the meaning’ of the statute. Because of its total and negligent inaction for a period of more than a month, plaintiff has failed to establish that the discharge was caused 'solely’ by an act or omission of a third party.
"it is therefore ordered and concluded that defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.[2]”

 Plaintiff asserts that the City of Hickory was negligent in failing to remove the oil or to inform plaintiff of its presence. We do not resolve that issue for it is clear that, even if the City was negligent, plaintiff was itself lacking in due care in failing to find out what was in the tanks and in failing to take any precautions against spillage.

 Our disposition also entails the dismissal of the counterclaim of third-party City of Hickory against plaintiff. See Rolls-Royce, Ltd. v. United States, 176 Ct. Cl. 694, 364 F.2d 415 (1966). The rights inter se of plaintiff and the City of Hickory will have to be resolved in some other forum.