This case is before the court on cross-motions for summary judgment, but the parties have stipulated the facts and wish us to decide on the basis of the stipulation. Both sides have filed briefs but waive oral argument. We may there *868 fore dispose of the case without having to consider if there is any issue of relevant fact.
The suit is to recover the cost of cleaning up an oil spill and we have jurisdiction under 33 U.S.C. §1321. Liberal Market, Inc. (Liberal), is a wholesale meat distributor. Under a policy of insurance, Travelers has reimbursed the actual cost that Liberal incurred, $18,048.57. Defendant, by the Environmental Protection Agency, ordered the cleanup. The spill was of diesel fuel from two pumps and corresponding tanks on Liberal’s premises, used to fuel Liberal’s tractor trailers and others rented from Avis and used in Liberal’s business. The oil flowed into Little Beaver Creek, a tributary of the Ohio River, which is part of the navigable waters of the United States.
Liberal had a chain link fence entirely around its premises, including a gate which was locked when the spill was caused. "Vandals” cut an opening in the fence in the brief period from 2 to 5 a.m. when no Liberal employees were on the premises. The vandals left the two pumps delivering the diesel fuel on the ground. Liberal admits in the stipulation that a switch in the plant boiler room had to be in the "on” position to activate the two pumps and was left in that position during the closed hours when nobody employed by Liberal was on the plant premises, according to Liberal’s usual practice. The plant was on formerly swampy ground, built up to receive the structure, but adjacent to the creek, into which any spill would naturally flow.
The statutory scheme is for absolute liability. However, if an owner or operator of an "onshore facility” from which oil has been "discharged” cleans it up according to regulation, he can recover against the United States in a suit in this court "upon establishing” that the spill was "caused solely by” an act or omission of a third party. 33 U.S.C. §321(i)(l). This language cannot be taken literally in that, of course, anyone who placed oil on his premises could never show that the cause of a spill is "solely” the act of another, for obviously the act of placing the oil there contributed. To effectuate the obvious congressional intent to allow some mitigation of liability, the phrase "caused solely by” means that an owner or operator will be excused from liability in *869 those situations which are completely beyond his control. In other words, responsibility for the spill must be entirely that of the third party, here the vandals. Unless the act or omission to perform a legal duty of an owner or operator is so indirect or insubstantial as not to constitute a contributing cause of the spill, he will be unable to shift responsibility wholly onto the vandals. In the present case, where plaintiffs failure to act has been called into question, it must show that it took adequate precautions to prevent and forestall the vandal’s acts and, thereby, satisfied its legal duty to act. Proctor Wholesale Co. v. United States, 215 Ct. Cl. 1049, 1050 (1978).
If the stipulation fails to show that the precautions were all that was reasonably required, the claim must fail. We do not judicially know, and the stipulation does not tell us what precautions are normally expected of persons having on their premises pumps to feed petroleum products into the fuel tanks of business vehicles. Obviously, conditions being unfortunately what they are today, vandals must always be expected. The stipulation does not suggest any reason why they might not have been anticipated in the vicinity of Liberal’s plant. The switch in the boiler room obviously provided the means for an added precaution Liberal failed to take. The stipulation does not tell us whether such switches are normal as parts of facilities to dispense gasoline and diesel fuel, whether if so it is a customary precaution to turn off the switch when the facility is not in use, or whether a complete chain link fence circumscribing the facility, with a locked gate, is considered sufficient. With such a deficient stipulation the party having the burden of proof must lose. Without our meaning to intimate that any particular kind of evidence would suffice, there might for example be municipal ordinances, underwriter’s rules, or other standards that would be at least suggestive; here we are neither told there were none, or if there were, what they were. Plaintiff puts a burden on our unaided perception of what is reasonable, that it simply is unable to bear. We do not even get to defendant’s other contentions that plaintiff reasonably should have provided a dike or berm around the pump area.
*870 Accordingly, defendant’s motion for summary judgment is granted, plaintiffs motion for summary judgment is denied, and the petition is dismissed.