BENNETT, Circuit Judge.
 

 Appellant, Cities Service Pipe Line Company (Cities Service), appeals the decision of the United States Claims Court, 4 Cl.Ct. 207 (1983), denying its request to recover removal costs from the United States pursuant to the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. § 1321(i)(l)(D) (1976). We affirm.
 

 On March 20, 1980, a Cities Service pipeline in Harris County, Texas, burst, discharging approximately 8,797 barrels of crude oil into Carpenters Bayou near the Houston Ship Channel. The trial court accepted Cities Service’s testimony that a piece of heavy equipment, operated by an unknown third party, struck the pipeline sometime after its installation in 1970, but not immediately prior to the rupture. The resultant damage weakened the pipeline, eventually causing it to burst. The FWPCA entitles an owner of a facility, from which oil is discharged into the navigable waters of the United States, to recover the reasonable removal costs incurred upon establishing “that such discharge was caused solely by ... an act or omission of a third party ....” 33 U.S.C. § 1321(i)(l)(D) (1976). The parties stipulated that the appellant incurred $897,145.12 in removing the oil discharged into Carpenters Bayou.
 

 The trial court concluded (1) that appellant’s normal use of the pipeline was an affirmative act which contributed to the oil spill and (2) that appellant could have prevented the rupture of the pipeline through the exercise of due care. Thus, the trial court held that appellant was not entitled to recover the removal costs which it had incurred because it had failed to establish that the discharge was “caused solely by” a third party. Appellant challenges both conclusions.
 

 (1)
 
 Affirmative Act as a Contributing Cause.
 

 An affirmative act of an owner which is a contributing cause of a discharge precludes the act or omission of a third party from being the sole cause thereof.
 
 Reliance Insurance Co. v. United States,
 
 677 F.2d 844, 848-49 (Ct.Cl.1982). Thus, in order to recover its reasonable removal costs, Cities Service is required to establish that its actions were not a contributing cause of the discharge.
 

 In
 
 Travelers Indemnity Co. v. United States,
 
 230 Ct.Cl. 867, 868 (1982), the court determined that the FWPCA requirement that a discharge be “caused solely by” an act or omission of a third party cannot be taken literally. The court reasoned that the obvious congressional intent was to excuse an owner or operator from liability where the discharge was completely beyond his control.
 
 Id.
 
 at 868-69. To attach liability based on conduct inherent in appellant’s business activity, which is not abnormally dangerous, would lead in this instance, as the
 
 Reliance
 
 court warned, to an “anomalous” result. 677 F.2d at 849. The portion of the trial court’s decision which denies Cities Service recovery on the basis that its affirmative actions were a contributing cause of the discharge ignores these admonitions and is unnecessary to the result under the facts of this case.
 

 (2)
 
 Omission To Act as a Contributing Cause.
 

 An owner must exercise reasonable care in order to satisfy the legal duty
 
 *628
 
 imposed by section 1321.
 
 [1]
 
 Where an owner’s failure to act has been called into question, as in the present case, the owner bears the burden of proving that it took adequate measures to prevent and detect the actions of the third party which inevitably led to the discharge of oil. The trial court determined that appellant’s “protracted failure to detect and repair the damage” caused by a third party contributed to the rupture of the pipeline. 4 Cl.Ct. at 210. Cities Service had an aerial inspection program and in its reply brief concedes that “activity involving heavy equipment or other operations along the pipeline of the Company was not unique.” Contrary to appellant’s contention, this program of inspection was not reasonably calculated to detect such damage that it knew was likely to occur and in fact did occur. The determination of the trial court that appellant shared culpability for the discharge due to its omission to act is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The trial court was uncertain with respect to the requisite degree of care needed to satisfy an owner’s legal duty.
 
 See
 
 4 Cl.Ct. at 210 n. 6. The decision in
 
 Reliance Insurance Co.,
 
 677 F.2d at 848, requires that owners and operators must act with reasonable care in order to satisfy the section 1321 standard of conduct.