Morgan et al., Appellants, *v.* L. G. Krepps &
Sons, Inc.

Argued November 13, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Paul N. Barna, Jr.,* with him *Barna & Barna,* for appellants.

*F. A. Conte,* with him *George B. Stegenga,* for appellees.

OPINION BY FLOOD, J., December 14, 1961:

This is an appeal from an order opening a judgment entered by default for want of an answer.

The action was commenced on November 6, 1959 by filing a complaint alleging improper performance by the defendants of a contract to build a house for the plaintiffs. The complaint was served on November 18, 1959. The alleged default was the construction of a footer of a thickness substantially less than that called for in the specifications, resulting in severe damage to the building. The complaint detailed the damage to the house, averred that the plaintiffs had expended $259.35 for labor, materials, tools and equipment used in making some of the repairs necessitated by the improper performance, and averred that other necessary repairs had not yet been made. Damages were claimed "in an amount not in excess of $2,000."

No answer was filed within twenty days after service and on December 10, 1959, plaintiffs caused judgment to be entered for want of an answer. The judgment was entered by the prothonotary in accordance with the plaintiffs' praecipe directing him to enter judgment "without prejudice to the Plaintiffs' right to proceed to have damages assessed at a trial . . ."

On December 16, 1959, the defendants' attorney entered his appearance and filed preliminary objections alleging that the complaint fails "to state the exact sum requested in damages" and asking for an order requiring the plaintiffs to file a more specific complaint. No further action was taken by either party until November 16, 1960, when the plaintiffs filed a praecipe for reference to arbitrators.

On December 19, 1960, more than a month later and almost a month after three arbitrators had been appointed, the defendants' counsel filed a petition to open the judgment averring that it had been entered without his knowledge and without notice to him, although the plaintiffs' attorney knew of his representation of the defendants in prior cases; that he filed the preliminary objections without investigating the docket and without knowing that judgment had been entered; that he did not learn that a default judgment had been entered until "sometime later"; that at the time of the entry of judgment he was in the process of trying to get in touch with the defendants and was preparing an answer but had difficulty in doing so because of the absence of a son of one of the defendants who knew the circumstances surrounding the claim; that his clients "have a defense to the action"; that the preliminary objections filed are well founded and the complaint is inadequate as stated in the objections; and that this inadequacy complicates the giving of a satisfactory answer to the complaint.

The answer to the petition specifically denied knowledge by the plaintiffs' attorney that the defendants' attorney had represented them in prior cases and averred that he did not notify the plaintiffs' attorney that he represented the defendants until December 17, 1959 when a copy of the preliminary objections and the praecipe for his appearance arrived by mail. As to the other substantial averments of the petition the plain-

tiffs stated that they were without knowledge or information sufficient to form a belief as to the truth of the averments and they therefore denied them.

A rule to show cause was issued on the petition. The matter was submitted to the court on petition and answer, and on April 17, 1961, the court entered an order "that the judgment entered in default of an appearance and answer is hereby opened . . . and the matter is hereby referred to the Board of Arbitrators already appointed to determine the damages, if any, to which the plaintiffs may be entitled. In the hearing before the Arbitrators, the defendants are to be permitted to offer any defense which they, or either of them, may have to the right of the plaintiffs to any damages, including the right of cross-examination of the plaintiffs and/or their witnesses."

The plaintiffs contend that the order opening the judgment should be reversed because (1) the defendants have forfeited any right to relief they might have had by delaying for a period of over a year after the entry of the judgment before filing their application to open the judgment; (2) the defendants failed to set forth a meritorious defense to support their petition and (3) the court improperly construed the plaintiffs' application to have arbitrators appointed to assess damages as a waiver of their judgment.

1. We need not discuss the first objection, since in our opinion the order must be reversed because the defendants' petition sets forth no facts supporting their allegation that they have a defense to the plaintiffs' claim.

2. The petition merely states that the defendants have a defense, without indicating what it is. This is not sufficient to warrant the opening of the judgment *Commonwealth v. J. & A. Moeschlin, Inc.*, 314 Pa. 34, 170 A. 119 (1934). The petition refers to the preliminary objections but these raise only the question

that the exact sum requested in damages was not pleaded. They did not attack the validity of the plaintiffs' cause of action. The judgment is a general one, with damages to be assessed at a trial under Pa. R. C. P. 1037(b). The objection that the complaint should have contained a more specific ad damnum clause furnishes no ground for opening such a judgment.

3. The court in its opinion stated:

"The record discloses that sometime during the proceeding, and before the case came before this Court, upon praecipe of both counsel . . . a Board of Arbitrators was appointed. By implication, this can be construed as a waiver on the part of both counsel as to both the entry of the default judgment and the questions raised by the preliminary objections."

This is error for two reasons. In the first place, the praecipe was not signed by counsel for the defendants. Secondly, the praecipe was not a waiver by the plaintiff of his default judgment which was a general judgment. The filing of this praecipe furnishes no ground for opening the judgment.

Under the circumstances the order of the court must be reversed and the matter referred to the arbitrators solely for the purposes of fixing the plaintiffs' damages.

Order reversed.