Girard Trust Bank, to use, *v.* Remick et ux.,
Appellants.

Argued September 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Leonard S. Wissow,* with him *Wissow and Odza,* for appellants.

*James R. Mathewson,* for appellees.

OPINION BY SPAULDING, J., November 12, 1969:

In this case appellants, Benjamin and Rose Remick, husband and wife, appeal the denial of their petition to strike off or in the alternative to open a judgment

entered in the amount of $6192. On March 21, 1966, after receiving a loan in the principal amount of $4993.54 from appellee bank, Mr. and Mrs. Remick executed and delivered their note under seal for $6192. Eighteen months later the bank averred default, and assessed damages to the extent of $2996.94. Execution on that judgment has been stayed pending this appeal.

The court below ordered the case to be decided on the basis of petition and answer as appellants failed to file depositions supplementing their pleadings. All the facts alleged in the bank's answer responsive to the petition must be taken as true. Rule 209 Pa. Rules of Civil Procedure.

Appellee stated in its answer that the judgment was entered in accordance with usual banking practices. The charge of $1198.46 was not for one day's interest as claimed by appellants, but represented interest charges at the rate of 6% per annum computed on a discount basis for the thirty-six month period of the debt. Appellants were to repay the debt at the rate of $172 per month.

Appellate review of lower court decisions in this area lies only where the lower court has abused its discretion. The lower court abuses its discretion when it misapplies the law or when a manifestly unreasonable, biased, or prejudiced result is reached. *Mielcuszny et ux. v. Rosol,* 317 Pa. 91, 176 Atl. 236 (1934).

Appellants cite *Bauer v. Hill,* 267 Pa. 559, 110 Atl. 346 (1920), for the position that the reviewing court should consider the petition de novo when the facts are undisputed. That case as well as the instant case was decided on assumed or given facts. However, *Bauer* was an action in Equity and involved the construction of the word "sale" in a lease leaseback situation. This case is an action at law and is factually distinguishable. Cases decided subsequent to *Bauer* indicate that the appellate courts have limited their review to deter-

mining only if there has been a manifest abuse of discretion by the lower court, even in those cases where the facts are not in issue. *Thomasik v. Thomasik,* 413 Pa. 559, 198 A. 2d 511 (1964), and the cases cited therein.

A petition to strike off a judgment is granted only when the judgment is defective on its face. The lower court found that the instrument signed by the Remicks contained no irregularities and properly denied the petition to strike. *Master Homecraft Co. v. Zimmerman,* 208 Pa. Superior Ct. 401, 222 A. 2d 440 (1966).

A petition to open the judgment and to let in a defense is proper only when sufficient facts are pleaded to show that the defense is meritorious and that the defense can be established at trial. *Morgan v. L. G. Krepps and Sons, Inc.,* 197 Pa. Superior Ct. 6, 176 A. 2d 173 (1961), *Commonwealth v. J. and A. Moeschlin Inc.,* 314 Pa. 34, 170 Atl. 119 (1934). In the instant case appellants claimed that the transaction was usurious in violation of the Banking Code of 1965, Act of November 30, 1965, P. L. 847, §101, 7 P.S. §101 et seq. More specifically they alleged violation of §309.[1]

The principal amount of a loan is not the face amount of the debt as evidenced by the judgment note, but is what the parties agree the borrower is to receive.[2] Section 309 controls this case since the Remicks

---

[1] "Section 309(a) Maximum rate—An institution may make a charge for an installment loan which complies with the requirements of this section, at a rate not in excess of six dollars ($6) per one hundred dollars ($100) per annum computed on the original principal amount for the period of the loan. . . .

(d) Maximum amount—The original principal amount of any loan, . . . for which a charge is made pursuant to the authorization of this section shall not be in excess of five thousand dollars ($5000)."

[2] This is the first case which requires this court to construe §309 of the Banking Code of 1965. The Official Comment to the

contracted to receive $4993.54. The interest charges permitted by §309(a) may be computed on either an add-on or a discount basis.[3] When a debt of $6192 is discounted over three years at the rate of 6% per annum and an allowance is made for the other charges permitted by §309(f),[4] charges of $1198.46 are within the statutory limits. This transaction was not usurious. Since no meritorious defense was pleaded the court below properly denied appellant's petition to open the judgment and to let them into a defense. *Minetola v. Samacicio,* 399 Pa. 351, 160 A. 2d 546 (1960).

The decision of the lower court is affirmed.

---

statute written by the Banking Law Commission is very helpful in explaining otherwise undefined terms, such as "principal amount of the loan", which appear in the Code.

[3] *Id.,* n.2.

[4] The lender can charge for insurance premiums in connection with the loan and filing fees. 7 P.S. §309(f).