## Stephenson Equipment, Inc. v. Rinier

*Cleckner & Fearen,* for plaintiff.
*Fluhrer, Medill & Shelley,* for defendants.

WICKERSHAM, *J.*, January 14, 1975—This matter is before the court on a petition to open and/or strike a judgment entered by confession on March 5, 1974, against defendants, Ralph K. Rinier and Charlotte F. Rinier, in the amount of $9,783.12.

Defendant, Ralph K. Rinier, sole owner of a sanitation business, negotiated with plaintiff, Stephenson Equipment, Inc., to purchase in a package deal a Loadmaster garbage collection unit mounted on a used Autocar chassis acquired from Central Truck Sales of Philadelphia. The entire transaction was financed through Associates Financial Services Co., Inc., of Harrisburg. After the garbage packer was mounted on the chassis at the Loadmaster factory in Virginia, an agent of plaintiff delivered the vehicle to defendants' place of business. Ralph K. Rinier refused to accept delivery of the truck demanding that plaintiff repair certain defects, including the muffler and the window glass in both cab doors. Plaintiff refused to make all the requested repairs and retained possession of the vehicle. Associates Financial Services Co., Inc., issued notice of repossession and the truck was sold at public sale. Judgment for the alleged deficiency was entered against defendants pursuant to a confession of judgment clause contained in the security agreement. Defendants filed a petition to open and/or strike the judgment and the case came before this court.

The petition to strike is denied. A judgment may be stricken only where the ground for relief is an irregularity appearing on the face of the record: Girard Trust Bank v. Remick, 215 Pa. Superior Ct. 375 (1969); Master Homecraft Company v. Zimmerman, 208 Pa. Superior Ct. 401 (1966). Where the judgment is regularly entered and the ground

for relief concerns other matters associated with the judgment or those upon which the judgment is based, the remedy is by petition to open the judgment: 7 Standard Pa. Prac. §§39, 46.

To open a confessed judgment, the petitioner must act promptly and aver a meritorious defense: Wenger v. Ziegler, 424 Pa. 268 (1967); 7 Standard Pa. Prac. §§50, 61. In this matter, there is no question but that defendants acted promptly; the petition was filed 20 days after entry of the judgment.

The issue, then, is whether defendants have pleaded a meritorious defense. First, defendants argue that under the provisions of the Uniform Commercial Code, section 2-601 of the Act of October 2, 1959, P.L. 1023, 12A PS §2-601, Rinier, as a buyer, was justified in refusing to accept delivery of the truck. The rights of the buyer, as set forth in section 2-601, are as follows:

". . . if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may

"(a) reject the whole; or

"(b) accept the whole; or

"(c) accept any commercial unit or units and reject the rest."

Defendants contend that the truck in this case had such defects as to be unfit for use on public streets as a garbage collection vehicle. There is conflicting testimony in the pleadings and depositions regarding the precise origin and extent of the defects in the truck as well as the nature of plaintiff's efforts to repair such defects. However, considering all the evidence, we find that defendants have adequately pleaded a meritorious defense and grant the petition to open the judgment.

Defendants' second argument, that Charlotte Rinier's signature was obtained by fraud, misrepresentation and deceit, is without merit.

### ORDER

And now, January 14, 1975, defendants' petition to open the judgment is granted and the petition to strike is denied.