## Mope v. Hazleton Area School District

*Stephen Cohen,* for plaintiff.
*James S. Palermo* and *David L. Glassberg,* for defendant.

PODCASY, *J.,* January 29, 1980—This is an action in equity in which plaintiff alleges that she was wrongfully dismissed from her position as a full-time substitute public school teacher on February 26, 1976. In her complaint in equity, filed February 22, 1978, plaintiff prays that defendant be ordered to reinstate her and to compensate her for lost wages and legal expenses.

The complaint, duly endorsed with notice to defend, was served on defendant on February 27, 1978. On March 9, 1978, defendant's counsel wrote to plaintiff's counsel requesting an extension of 30 days from that date for filing a responsive pleading. The extension, if granted as requested by defendant's counsel, would have extended to and included April 8, 1978. April 8, 1978, was a Saturday, and it is not clear from the record whether a 30-day extension was granted as requested, in which case the extension would have automatically carried over an additional two days to Monday, April 10, 1978, or whether the response of plaintiff's counsel to the

request by defendant's counsel was to grant an extension of 29 days, to and including Friday, April 7, 1978. As it turns out, however, this ambiguity as to the final date of the extension is not critical to our decision.

Settlement discussions between counsel followed the March 9 letter, and on April 4, 1978, plaintiff's counsel wrote to defendant's counsel to the effect that he wanted "a formal response on . . . behalf of the school district in the above captioned matter." The final paragraph of this letter stated that "in the interests of not allowing the action to be drawn out needlessly, I would appreciate an answer by or on April 7, 1978."

In response to this April 4 letter, defendant's counsel wrote again to plaintiff's counsel on Friday, April 7, stating that defendant, Hazleton Area School Board, had authorized him to stipulate that the matter be remanded to the board for administrative proceedings in conformity with the Public School Code of 1949, asking whether such a stipulation would be agreeable, offering to prepare and forward such a stipulation if agreeable, and promising to plead responsively to the complaint if such a stipulation could not be agreed to. In his April 7 letter, plaintiff's counsel stated that he had been engaged in jury trial in Pottsville, Pa., during the week of April 3-April 7, and that he would continue to be so engaged until about Wednesday, April 12, 1978. It is admitted that defendant's counsel was, in fact, engaged in jury trial from March 27, 1978, to and including Tuesday, April 11, 1978, on which date a verdict was entered in the case being tried.

On Monday, April 17, 1978, plaintiff's counsel filed in the office of the prothonotary of Luzerne County a praecipe for default judgment. Judgment was never formally entered on any document filed

in the prothonotary's office or in the prothonotary's continuance docket, but an entry was nevertheless made in the judgment index indicating that judgment had been entered. Some time in the latter half of April plaintiff's counsel notified defendant's counsel that he had mailed a praecipe for default judgment to the prothonotary on or about Thursday, April 13, 1978.

Defendant's counsel never received any notice from the prothonotary to the effect that judgment had been entered, and it would appear that no notice thereof was ever mailed by the prothonotary.

After the events of April, 1978, defendant's counsel continued to make overtures regarding a possible out of court settlement, none of which were acceptable to plaintiff's counsel, and finally, on November 11, 1978, almost seven months after the filing of the praecipe for default judgment, a petition to open judgment was filed.

Preliminary objections to defendant's petition to open judgment were dismissed by order of court dated May 17, 1979. An answer to defendant's petition to open judgment was filed on May 30, 1979, and we now have before us, on petition and answer, the issue whether judgment should or should not be opened.

The initial problem is whether there is any judgment to be opened, in view of the fact that, after the filing of the praecipe for default judgment, no judgment was ever formally entered on any filed document or in the continuance docket. Neither counsel have cited any rules, statutes, or cases which assist us in resolution of this problem, and we have been unable to locate any precise precedent in case law.

Pa.R.C.P. 1511(a) deals with the entry of judgments by default in equity actions, and provides as follows: "The prothonotary, on praecipe of the plaintiff, *shall* enter a judgment by default against the defendant for failure to plead within the required time to a complaint [endorsed with a notice to plead]." (Emphasis supplied.)

Clearly the language of this rule is mandatory, and the function of the prothonotary in formally entering judgment is purely ministerial: Phillips v. Evans, 164 Pa. Superior Ct. 410, 65 A. 2d 423 (1949). This being the case, one might argue that the act of filing a praecipe for judgment is in itself tantamount to entry of judgment. However, we know of no step more drastic than the step of entering judgment by default and thereby depriving a defendant of an opportunity to make a defense on the merits. We therefore are of the opinion that, at least in an action in equity, where plaintiff seeks relief not available to him in a court of law, it is incumbent on plaintiff who wishes to avail himself of his right to have judgment entered by default to make certain that judgment is formally entered in accordance with his praecipe. In arriving at this opinion, we are strongly influenced by the language of Pa.R.C.P. 236, which imposes on the prothonotary the mandatory duty to give written notice to a defendant of entry of judgment, as it contrasts sharply with the language of Pa.R.C.P. 1511(a), which imposes on the prothonotary the mandatory duty to enter judgment by default upon plaintiff's praecipe.

Pa.R.C.P. 236(a) provides in pertinent part as follows: "The prothonotary shall immediately give written notice by ordinary mail of the entry of any

. . . judgment . . . to each party who has appeared in the action or to the party's attorney of record." After imposing this mandatory notice-giving duty on the prothonotary, Pa.R.C.P. 236 goes on to provide in section (c) thereof that "[f]ailure to give the notice . . . shall not affect the lien of the judgment."

Pa.R.C.P. 236 has no direct application to the case before us, for no appearance had been entered by or on behalf of defendant prior to the filing of plaintiff's praecipe and, had judgment been entered by default, there therefore would have been no obligation on the part of the prothonotary to give notice of this fact to defendant: Shermer v. Millan, 29 Bucks 359 (1976). However, as to those cases to which it applies, Pa.R.C.P. 236 expressly provides that the failure of the prothonotary to perform his duty of giving notice of entry of judgment will not affect the validity of the judgment lien. Had our Supreme Court intended that the failure of the prothonotary to perform his duty of entering judgment by default upon plaintiff's praecipe would not effect the validity of the judgment praeciped for, we believe that an express provision to this effect would have been inserted as part of Pa.R.C.P. 1511 when this rule was promulgated.

We agree with plaintiff's contention that defendant's petition to open judgment was not timely filed, and that the petition fails to adequately set forth the existence of a meritorious defense: Smith v. Tonon, 231 Pa. Superior Ct. 539, 331 A. 2d 662 (1974); Seltzer v. Ashton Hall Nursing and Convalescent Home, 221 Pa. Superior Ct. 127, 289 A. 2d 207 (1972); Crown Construction Co. v. Newfoundland Am. Ins. Co., 429 Pa. 119, 239 A. 2d 452 (1968); Morgan v. L. G. Krepps & Sons, Inc., 197 Pa. Superior Ct. 6, 176 A. 2d 173 (1961). However, inasmuch as no judgment has ever been entered,

there is no judgment to be opened or stricken, and defendant's delay and inadequate pleading is not fatal. There is no penalty for a defendant's default unless plaintiff acts to have judgment entered by reason of such default: Salsburg v. Gregus, 33 Luz. 399 (1939). In this instance plaintiff acted, but the actions taken on her behalf were insufficient to bring about the desired result, to wit, the entry of judgment. Had plaintiff's counsel submitted to the prothonotary with his praecipe a proposed judgment in the standard form, we have no reason to doubt that judgment would in fact have been entered pursuant to the praecipe. It is a simple matter to add beneath the praecipe itself the standard form of judgment, as follows: "Now, this _____ day of _____, 19___, at _____ o'clock, ___.M., judgment is hereby entered pursuant to the foregoing praecipe. _____, Prothonotary, By _____, Deputy." Plaintiff's failure to follow this customary procedure or to otherwise see to it that judgment was in fact entered has afforded this defendant an opportunity which this court would not otherwise afford it by means of granting the petition to open judgment.

When a judgment is void, it is the duty of the court to strike it whenever the court's attention is called to its existence: Stickel v. Barron, 7 Fayette 35 (1944). In this instance, our attention has been directed to the nonexistence of a judgment and to the improper indexing of this nonexistent judgment as a lien. We therefore enter the following

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) The prothonotary of Luzerne County is

hereby ordered to strike from the judgment index any reference to entry of judgment in the above-captioned case on April 17, 1978, no valid judgment having ever been entered on said date;

(2) The prothonotary of Luzerne County is hereby ordered to formally record in the continuance docket a judgment by default entered this date pursuant to plaintiff's praecipe filed April 17, 1978, in accordance with Pa.R.C.P. 1511(a);

(3) Defendant is hereby granted a maximum of 20 days from the date of this order to file a petition to open and/or strike judgment if it chooses to do so;

(4) If defendant fails to file a petition to open and/or strike judgment within said 20-day period, plaintiff is hereby directed to prepare and present to this court an appropriate final decree for entry pursuant to Pa.R.C.P. 1511(b) or, in lieu' thereof, to request that a hearing be scheduled for the taking of testimony to assist the court in its adjudication and in framing an appropriate final decree; and

(5) The prothonotary of Luzerne County is hereby directed to mail notice of the entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.