POCONO HIGHLAND LAKE ESTATES PROPERTY OWNERS ASSOCIATION,

v.

Dennis E. PALYS and Deidre Palys, his wife, Appellants.

Commonwealth Court of Pennsylvania.

Argued April 2, 2003.

Decided May 5, 2003.

Edmund G. Flynn, Stroudsburg, for appellant.

Aaron M. DeAngelo, Stroudsburg, for appellee.

BEFORE: LEADBETTER, Judge, COHN, Judge (P), McCLOSKEY, Senior Judge.

OPINION BY JUDGE COHN.

Pocono Highland Lake Estates is a residential subdivision, consisting of some 300 lots, situate in both Middle Smithfield and Price Townships in Monroe County, Pennsylvania. Appellee, the Pocono Highland Lake Estates Property Owners Association (Association), is a not-for-profit corporation consisting of property owners of the subdivision. The Association initiated the instant declaratory judgment proceeding to determine whether an easement existed over the boundary line between two lots, 7 and 8, both of which are owned by Dennis E. and Deidre Palys (Appellants). The Association asserted its rights to the purported easement as a means of ingress and egress from a roadway to a recreational lake, owned by the Association.

The primary factual matter of the case involves the plat of the subdivision filed in 1964 with the Monroe County Recorder of Deeds. In 1980, the Recorder of Deeds laminated the plat at issue as a means of preserving it. At some point prior to the lamination, an ink marking, distinct from the "blue print" appearance of the plat, had been placed on the plat on either side of the boundary line separating lots 7 and 8. The marking consisted of a dashed line on each side of the property line. The two dashed lines ran parallel with and stretched the full length of the property line. A solid line was drawn from a point

between the two dotted lines to the phrase centerline [1] "5' path." It is not clear if any of these markings were present at the time the map had been recorded. Appellants acquired title to lot 7 in 1987 and to lot 8 in 2001.

■ Following a non-jury trial, the trial court concluded that a ten foot wide easement existed. It held that the boundary line between the lots served as a centerline for the easement, and that the five foot marking meant that the easement extended a width of five feet in both directions from the center line. Additionally, the court exercised its equitable powers by directing the Association to construct a locked gate at the land terminus of the alleged easement so as to limit the amount of traffic across the easement. Appellants filed post-trial motions seeking a new trial. The trial court denied this request. Appellants appealed this decision to the Superior Court which, subsequently, transferred this case to the Commonwealth Court for disposition.[2]

Appellants bring this appeal and raise four questions: first, whether the alleged easement may be ascertained from the plot plan that is ambiguous by reason of an obvious, unexplained alteration; second, assuming, *arguendo*, that there is an easement, whether the easement was a total of five feet in width rather than ten feet; third, whether the Association has authority to enforce the easement when it does not own the road at the land side terminus of the easement and Appellants have full riparian rights at the lake terminus; and, fourth, whether the trial court's equitable direction as to the construction of the gate affords Appellants adequate protection from abuse of the easement.[3]

■ Appellants raised these identical issues before the trial court in their post-trial motions. From our review of the issues, we cannot find that the trial court clearly and palpably abused its discretion or committed an error of law which affected the outcome of the case. Indeed, Judge O'Brien's opinion on the post-trial motions very capably addresses each of these arguments correctly. In light of this fact, we will affirm on the basis of that

1. The word centerline was not spelled-out, but was abbreviated with a capital letter "C" transposed onto a capital letter "L."

2. The Superior Court seems to have transferred the case because one of the parties is a not-for-profit corporation. Although a not-for-profit corporation is party to this case, that fact does not necessarily bring it within the ambit of our jurisdiction. The jurisdiction of this Court from common pleas court decisions is addressed, in pertinent part, at 42 Pa.C.S. § 762(a):

(a) General Rule—[T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

(5) Certain private corporation matters.—

(i) All actions or proceedings relating to corporations not-for-profit arising under Title 15 (relating to corporations and unincorporated associations) or where is drawn in question the application, interpretation or enforcement of any provision of the Constitution, treaties or laws of the United States, or the Constitution of Pennsylvania or any statute, regulating in any such case *the corporate affairs of any corporation not-*

*for-profit* subject to Title 15 or the affairs of the members, security holders, directors, officers, employees or agents thereof, as such.

(ii) All actions or proceedings otherwise *involving the corporate affairs* of any corporation not-for-profit subject to Title 15 or the affairs of the members, security holders, directors, officers, or employees or agents thereof, as such.

(Emphasis added.) The instant case does not fall under this statutory provision because it does not involve the interpretation of not-for-profit statutes, constitutions, bylaws, nor does it address the regulation of corporate affairs. The issues presented in this case, essentially the application of real property law to the recordation of deeds and plats, by their nature, fall squarely within the jurisdiction of the Superior Court. Nevertheless, because no party has objected to the jurisdiction of this Court, and because we have not declined to exercise jurisdiction, our jurisdiction in this matter has been perfected. Section 704 of the Judicial Code, 42 Pa.C.S. § 704; *see also* Pa. R.A.P. 741.

3. In reviewing a trial court's denial of a motion for a new trial, our standard of review is

well-reasoned opinion, docketed at *Pocono Highland Lake Estates Property Owners Association, Inc. v. Dennis E. Palys and Deidre Palys,* No. 3531 Civil 2001 (C.C.P. Monroe County, filed July 25, 2002), which held, in summary, that the ten-foot wide easement for utilization by the Association to access the lake and dam in its development was properly granted.

Accordingly, the trial court's order is affirmed.

### ORDER

**NOW,** May 5, 2003, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby affirmed on the opinion at *Pocono Highland Lake Estates Property Owners Association, Inc. v. Dennis E. Palys and Deidre Palys,* No. 3531 Civil 2001 (C.C.P. Monroe County, filed July 25, 2002), published in — Pa.D. & C. 4th — (2003).

whether the trial court clearly and palpably abused its discretion or committed an error of law that affected the outcome of the case. *Melso v. Sun Pipe Line Co.,* 394 Pa.Super. 578, 576 A.2d 999 (1990), *petition for allowance of appeal denied,* 527 Pa. 667, 593 A.2d 842 and 527 Pa. 668, 593 A.2d 843 (1991). The trial court abuses its discretion when it misapplies the law or when it reaches a mani-

festly unreasonable, biased or prejudiced result. *Girard Trust Bank v. Remick,* 215 Pa.Super. 375, 258 A.2d 882 (1969). If support for the trial court's decision is found in the record, the order must be affirmed. *Pirozzi v. Penske Olds–Cadillac–GMC, Inc.,* 413 Pa.Super. 308, 605 A.2d 373 (1992), *petition for allowance of appeal denied,* 532 Pa. 665, 616 A.2d 985 (1992).