**Donald L. ALLEN, Appellant**

v.

**Robert D. THOMAS and Philadelphia Parking Authority.**

Commonwealth Court of Pennsylvania.

Argued June 10, 2009.
Decided July 24, 2009.

Ronald S. Pollack, Feasterville, for appellant.

William G. Cilingin, Philadelphia, for appellees.

BEFORE: SIMPSON, Judge, FRIEDMAN, Senior Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Donald L. Allen (Allen) appeals from the April 1, 2008, order of the Court of Common Pleas of Philadelphia County (trial court), which denied Allen's motion for post-trial relief in the nature of a new trial (Motion). We affirm.

On October 11, 1999, Allen was involved in a motor vehicle accident with a tow truck driven by Robert D. Thomas (Thomas), who, at the time of the accident, was acting in the scope of his employment with the Philadelphia Parking Authority (PPA). Allen filed a civil action against Thomas and the PPA, asserting that he sustained injuries as a result of the accident and seeking monetary damages. On December 18, 2007, following voir dire and jury selection, the trial commenced, and the jury returned a verdict in favor of Thomas and PPA. Thereafter, Allen filed his Motion; Thomas and PPA replied; and the trial court heard argument on the Motion. The trial court denied the Motion and entered judgment on the jury verdict on April 16, 2008.

That same day, Allen filed a Notice of Appeal to the Superior Court,[1] and, as directed by the trial court, he filed a Statement of Matters Complained Of On Appeal (Statement) pursuant to Pa. R.A.P.1925(b). In the Statement, Allen asserted that the trial court erred and/or abused its discretion during the voir dire proceedings by refusing to allow Allen to question potential jurors regarding their personal feelings on tort reform. According to Allen, the trial court requested counsel to submit additional voir dire questions to the court, and, although he submitted approximately forty-three voir dire questions inquiring into potential jurors' beliefs regarding tort reform, personal injury claims and lawyers, (R.R. at 44a–55a), the trial court improperly limited the voir dire only to questions within the framework of the Pennsylvania Rules of Civil Procedure (Pa. R.C.P), particularly Pa. R.C.P. No. 220.1,[2] and the Philadelphia County written juror questionnaire.[3] Allen contends that, as a

---

1. The Superior Court transferred the matter to this court.

2. Pa. R.C.P. No. 220.1 governs voir dire and provides, in relevant part, as follows:

   (a) Voir dire shall be conducted to provide the opportunity to obtain at a minimum a full description of the following information, where relevant, concerning the prospective jurors and their households:

   * * *

   (9) Involvement as a party or a witness in a civil lawsuit or a criminal case;
   (10) Relationship, friendship or association with a law enforcement officer, a lawyer or any person affiliated with the courts of any judicial district;
   (11) Relationship of the prospective juror or any member of the prospective juror's immediate family to the insurance industry, including employee, claims adjustor, investigator, agent, or stockholder in an insurance company;
   (12) Motor vehicle operation and licensure;
   (13) Physical or mental condition affecting ability to serve on a jury;

   (14) Reasons the prospective juror believes he or she cannot or should not serve as a juror;
   (15) Relationship, friendship or association with the parties, the attorneys and prospective witnesses of the particular case to be heard;
   (16) Such other pertinent information as may be appropriate to the particular case to achieve a competent, fair and impartial jury.

   Pa. R.C.P. No. 220.1(a).

3. In relevant part, the Philadelphia jury questionnaire asks potential jurors whether they: (1) would have any problem following the trial judge's instructions on the law; (2) anyone close to them has sued or been sued or been a witness; (3) would have any problem putting aside sympathy for the plaintiff and deciding the case solely on the evidence; (4) would have any problem following the trial court's instructions to award money for damages for things like pain and suffering, loss of life's pleasures, etc., although it is difficult to put a dollar figure on them; (5) would have any problem during jury deliberations in a

result, he was precluded from learning the prospective jurors' beliefs about tort reform so that he could determine whether or not to challenge a juror for cause or use a peremptory strike.

In its Pa. R.A.P. 1925(a) opinion, the trial court responded to Allen's allegations and explicitly denied that it limited the scope of the voir dire questioning. To the contrary, the trial court stressed that counsel had the opportunity to ask questions of the full panel of jurors and to conduct voir dire of each potential juror *in camera.* In fact, the trial court noted that it advised counsel that questioning would be in accordance with Pa. R.C.P. and relevant case law, including *Capoferri v. Children's Hospital of Philadelphia,* 893 A.2d 133 (Pa.Super.) (holding that, in cases where prospective jurors may have been exposed to tort reform and medical malpractice propaganda, the prudent course of action is to allow questioning of potential jurors about their attitudes regarding those issues to determine whether each individual could serve in a fair and impartial manner), *appeal denied,* 591 Pa. 659, 916 A.2d 630 (2006).

The trial court noted further that counsel did not request the recording of the voir dire proceedings, as required by the trial court's procedures;[4] thus, there was no record of the voir dire proceedings or the pre-trial conference regarding voir dire questioning. Citing *Hrinkevich v. Hrinkevich,* 450 Pa.Super. 405, 676 A.2d 237 (1996), for the proposition that what is not of record does not exist for the purposes of appellate review, the trial court asserted that Allen's appeal should be quashed for lack of reviewable evidence. The trial court also concluded that Allen waived any challenge to the voir dire proceedings. The trial court observed that Allen failed to submit any part of the transcript to the trial court, and, therefore, he cannot cite to any objection made to the voir dire process, as required by Pa. R.C.P. No. 227.1(b) (stating that an appellant cannot succeed in a post-trial motion when his counsel failed to object to the perceived error at the time it occurred).[5]

■ On appeal,[6] Allen first argues that he did not waive the issue regarding the limitation of his voir dire questioning and that, in fact, he preserved the issue during the trial. We agree.

Although Allen failed to include any notes of testimony with his Statement, Allen subsequently sought and was granted leave to supplement the record pursuant to Pa. R.A.P. 1926 (allowing for the correction or modification of the record). Allen then submitted the transcripts from December 18, 2007, December 19, 2007, and March 26, 2008, and the trial court certified these transcripts as true and correct

---

civil case discussing the case fully but still making up their own minds; and (6) have any reason that they cannot otherwise be a fair juror. (R.R. at 319a–20a.)

4. According to the trial court, the procedure in Philadelphia is that jury selection is not recorded unless counsel requests that the selection be recorded, and there was no such request here. (Trial ct. op. at 3 n. 1.)

5. Additionally, the trial court addressed the merits of Allen's appeal and rejected Allen's argument that the trial court abused its discretion with regard to the voir dire process.

6. In reviewing a trial court's denial of a new trial, our standard of review is whether the trial court clearly and palpably abused its discretion or committed an error of law that affected the outcome of the case. *Pocono Highland Lake Estates Property Owners Association v. Palys,* 822 A.2d 879 (Pa.Cmwlth. 2003). The trial court abuses its discretion when it misapplies the law or when it reaches a manifestly unreasonable, biased or prejudiced result. *Id.* If support for the trial court's decision is found in the record, the order must be affirmed. *Id.*

on January 7, 2009. (Allen's Supp. R.R. at 385a, 401a–02a.) A review of the December 19, 2007, transcript reveals that Allen objected to the trial court's alleged limitation of his voir dire questions and that the trial court overruled the objection. (R.R. at 272a.)

■ Nevertheless, the question remains whether we may review the issue here absent a record of the voir dire proceedings.[7] As the trial court correctly noted, an appellate court cannot consider anything that is not part of the record. *Hrinkevich.* Moreover, we cannot reverse based on the trial court's abuse of discretion without evidence in the record showing an abuse of discretion. *See Paden v. Baker Concrete Construction, Inc.,* 540 Pa. 409, 412, 658 A.2d 341, 343 (1995) (emphasis added) (stating that "[a]n abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, *as shown by the evidence or the record,* discretion is abused.") (quoting *Mielcuszny v. Rosol,* 317 Pa. 91, 93–94, 176 A. 236, 237 (1934)).

■ Allen asserts that the existing record now contains evidence to support his claims because he properly supplemented the original record with information describing what occurred during the voir dire proceeding.[8] We disagree.

In granting Allen's request to supplement the record, this court directed Allen to submit the additional statements to the trial court for its approval, as required by Pa. R.A.P.1923 and 1924. (12/08/2008 Order of the Commonwealth Court, Allen's Supp. R.R. at 401a–02a.) Thereafter, PPA

---

7. We note that the dissent in *Capoferri* asserted that a court should not review a challenge to voir dire where, as here, there is no record of the voir dire proceedings or of any formal or informal rulings directly from the court prior to jury selection. However, in *Capoferri,* when plaintiff's counsel objected to the trial court's refusal to ask certain voir dire questions, the trial court acknowledged that it would not allow the plaintiffs' questions regarding the medical malpractice crisis. *Id.* (Klein, J., dissenting). In the current matter, the trial court denies excluding such questions.

8. Allen submitted to this court a request to modify/correct the record pursuant to Pa. R.A.P. 1926, a "Statement in Absence of Transcript" and a "Supplemental Statement in Absence of Transcript" pursuant to Pa. R.A.P. 1923 and an "Agreed Statement of Record" pursuant to Pa. R.A.P. 1924. Pa. R.A.P. 1923 provides:

**Statement in Absence of Transcript**
If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. *The statement shall be served on the appellee, who may serve objections* or propose amendments thereto within ten days after service. Thereupon *the statement and any objections* or proposed amendments *shall be submitted to the lower court for settlement and approval* and as settled and approved shall be included by the clerk of the lower court in the record on appeal.
(Emphasis added.) In relevant part, Pa. R.A.P. 1924 states:
**Agreed Statement of Record**
In lieu of the record on appeal as defined by [Pa. R.A.P.] 1921 (composition of record on appeal), the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the lower court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. *If the statement conforms to the truth, it, together with such additions as the lower court may consider necessary fully to present the issues raised by the appeal, shall be approved by the lower court* and shall then be certified to the appellate court as the record on appeal and transmitted thereto by the clerk of the lower court....
(Emphasis added.)

and Thomas objected to the statements; moreover, the trial court did *not* approve the statements and ordered that the statements "shall not be filed with the Commonwealth Court as part of the supplemental certified record." (1/14/09 Order of the trial court, Allen's Supp. R.R. at 386a.) Thus, these statements are not a part of the record. Pa. R.A.P.1923 and 1924.

Allen next argues that a statement made by the trial court and reflected in the December 19, 2007, transcript supports his position that the trial court prevented him from questioning potential jurors about tort reform. On that day, the following exchange took place between Allen's attorney and the trial court.

> Attorney: Very briefly, Your Honor, I just want the record to reflect that I had submitted a memorandum of law along with proposed voir dire questions, the memorandum of law outlining the federal as well as state law indicating the importance of voir dire and the importance of the ability of parties in lawsuits to be able to have an opportunity to make informed decisions for the purposes of ... utilizing their peremptory challenges.
>
> Essentially, ... Your Honor had advised us that you were going to predominantly utilize nothing more than the questionnaire. And if we wanted to utilize maybe a few questions, you required that I try to go through all the questions with you, which we did in chambers. And you allowed me essentially just to ask if anybody was employed by a casualty or claims office and allowed me to inquire about just shoulder and the TMJ-type injuries. All the other questions we had requested were rejected. And I just want the record to correctly reflect that, obviously, we had an objection to that.

* * *

> Trial court: During the voir dire— Counsel, I did tell you during the voir dire [that] I expected you to follow the Rules of Civil Procedure, especially I believe it's 220—I'm not—and that's what I expect you to do.

(R.R. at 272a–73a, 278a.) According to Allen, this statement establishes a record and accurately reflects what happened during voir dire for appellate review purposes. However, the record also reveals the following exchange during argument on the Motion.

> Attorney: Your Honor, essentially made a denial of any questions [about tort reform] advising that you had—had the ... standard Philadelphia jury [questionnaires]. And then you allowed us a very limited amount of additional questions, essentially dealing with the injuries and knowledge of people, et cetera. I believe that I outlined very clearly what the questions Your Honor allowed ... in my motion and in my brief.
>
> Trial court: You're entirely incorrect. I said to you at the time that you could ask questions pursuant to [Pa. R.C.P.] 220, I believe it is, together with any other questions appropriate as far as the *Capoferri* cases is [sic] concerned.
>
> Attorney: No, you did not advise us at all about the *Capoferri* case because I specifically asked, and I went through a specific number of questions as to which one concerned *Capoferri*; and Your Honor specifically said I'm not going there.
>
> Trial Court: Counsel, you're entirely inaccurate and you're wrong. Continue with your argument.
>
> Attorney: I disagree, Your Honor.

\* \* \*

Attorney: I agree with Your Honor as it relates to [Pa. R.C.P.] 220 and asking those questions. Those questions essentially predated the *Capoferri* decision, and those questions specifically didn't address the issue of tort reform that were asked.

Trial Court: You weren't even aware of the *Capoferri* decision because your [pre-trial] memorandum to me at the time didn't even mention that [decision].

Attorney: My memo ... wasn't addressing those [issues] because I had those questions in my voir dire. I didn't need to address the *Capoferri* decision because that wasn't the purpose of my [memorandum] of law.

\* \* \*

Trial Court: I gave you every opportunity to ask appropriate questions, Counsel. You chose not to do so.

(R.R. at 71à–74a, 81a.)

■ Contrary to Allen's assertions, the trial court's statements do not clearly establish what happened during the voir dire proceedings. Unlike the situation in *Capoferri*, where the trial court acknowledged disallowing several of the plaintiff's voir dire questions, the record here contains no evidence reflecting the trial court's rulings during the voir dire proceedings or of what questions were actually asked during voir dire. Absent such evidence, we cannot conclude that the trial court made improper rulings during the voir dire proceedings and, thus, abused its discretion when it denied Allen's Motion. *Paden; Hrinkevich.*[9]

Accordingly, we affirm.

**9.** In his supplemental brief, Allen also argues that the trial court erred in not requiring the court reporter to record the voir dire session and that he is entitled to a new trial based on

*ORDER*

AND NOW, this 24th day of July, 2009, the order of the Court of Common Pleas of Philadelphia County, dated April 1, 2008, is hereby affirmed.

that error. However, Allen waived this issue by not including it in his Statement. *Commonwealth v. Holtzapfel*, 895 A.2d 1284 (Pa. Cmwlth.2006).