576 A.2d 999

Leonard MELSO and Lynn Melso, Husband and Wife, in Their Own Right and as Parents and Natural Guardians of Melissa Miles and Justin Melso, Appellants,

v.

SUN PIPE LINE COMPANY and Tri–State Telecommunications, Inc. and Davis Enterprises, Appellees,

v.

E.A. DESIGNS, LTD., Maple Shade Cable Company, Inc., Newtown Township, Newtown Cablevision, Inc. and Jan Gouza and Pickering, Corts & Summerson, Appellees and Additional Defendants.

Leonard MELSO and Lynn Melso, Husband and Wife, in Their Own Right and as Parents and Natural Guardians of Melissa Miles and Justin Melso, Appellees,

v.

SUN PIPE LINE COMPANY and Tri–State Telecommunications, Inc. and Davis Enterprises, Appellees,

v.

E.A. DESIGNS, LTD., Pennsylvania One–Call System, Inc., Maple Shade Cable Company, Inc., Newtown Township, Newtown Cablevision, Inc. and Jan Gouza and Pickering, Corts & Summerson, Appellees.

Appeal of SUN PIPE LINE COMPANY.

Leonard MELSO and Lynn Melso, Husband and Wife, in Their Own Right and as Parents and Natural Guardians of Melissa Miles and Justin Melso, Appellants,

v.

SUN PIPE LINE COMPANY and Tri–State Telecommunications, Inc. and Davis Enterprises, Appellees,

v.

E.A. DESIGNS, LTD., Maple Shade Cable Company, Inc., Newtown Cablevision, Inc. and Jan Gouza and Pickering, Corts & Summerson, Appellees.

Appeal of E.A. DESIGNS, LTD.

Leonard MELSO and Lynn Melso, Husband and Wife, in Their Own Right and as Parents and Natural Guardians of Melissa Miles and Justin Melso, Appellants,

v.

SUN PIPE LINE COMPANY and Tri–State Telecommunications, Inc. and Davis Enterprises, Appellees,

v.

E.A. DESIGNS, LTD., Maple Shade Cable Company, Inc., Newtown Township, Newtown Cablevision, Inc. and Jan Gouza and Pickering, Corts & Summerson, Appellees. (Two Cases)

Appeal of DAVIS ENTERPRISES, Maple Shade Cable Company, Inc. and Newtown Cablevision, Inc.

Appeal of Jan GOUZA and Pickering, Corts & Summerson.

Superior Court of Pennsylvania.

Argued Nov. 16, 1989.

Filed June 8, 1990.

580

Howard J. Creskoff, Philadelphia, for appellants (at 1058) and appellees (at 1139, 1160, 1118 and 1161).

Patricia M. Starner, Philadelphia, for appellants (at 1058). Bruce J. Chasan, Philadelphia, for Sun Pipe Line, appellant (at 1139) and appellee (at 1058, 1160, 1118 and 1161). Gary Gremminger, Philadelphia, for Gouza and Pickering, Corts & Summerson, appellants (at 1161) and appellees (at 1058, 1139, 1160 and 1118).

Donald E. Wieand, Jr., Allentown, for Maple Shade Cable Co., appellant (at 1118) and appellee (at 1058 and 1139 and 1160).

Colleen M. Meehan, Philadelphia, amicus curiae (at 1058).

Arnold S. Block, Philadelphia, amicus curiae (at 1058).

Before CAVANAUGH, MONTEMURO and POPOVICH, JJ.

CAVANAUGH, Judge:

This complex litigation is based on an accident involving a petroleum pipeline running through Bucks County, Pennsylvania. On November 12, 1982, underground cables were being installed and workmen for the television cable company struck a fourteen inch pipe carrying petroleum which broke and as a result, some 50,000 gallons of unleaded gasoline flowed into the surrounding soil. The plaintiffs

below, Leonard Melso and Lynn Melso, husband and wife, and as parents and natural guardians of Melissa Miles and Justin Melso, commenced an action in trespass in 1983 against Sun Pipe Line Company, Tri–State Telecommunications, Inc. and Davis Enterprises. Subsequently, numerous additional defendants were added, including E.A. Designs, Ltd.; Jan Gouza; Pickering, Corts & Summerson, Inc.; and Pennsylvania One–Call System, Inc.

The facts which were developed established that Davis Enterprises had the television franchise for Newtown Township and it had employed Tri–State Telecommunications for the construction work. E.A. Designs, Ltd. had prepared the construction maps and Jan Gouza, the township engineer, and his firm, Pickering, Corts & Summerson, Inc. had reviewed the drawings.

The plaintiffs below were residents of Newtown Crossing, a housing development located near the site of the accident. Gasoline vapors entered the basements of numerous residences for several months after the accident. The appellants commenced this action to recover for alleged property damages and personal injuries resulting from the gasoline spill. The complaints were based on the alleged negligent acts and omissions of the defendants and in addition, on the allegation that the cross-appellant, Sun Pipe Line Company, was strictly liable.

On February 21, 1985 Rufe, J. certified the action as a class action on the issue of liability. *See Cipriani v. Sun Pipe Line Company*, 46 Bucks Co. L.R. 249 (1985). On April 22, 1985, Sun Pipe Line Company filed a motion for partial summary judgment on the issue of strict liability. The motion was denied on July 16, 1985. On March 4, 1986 the plaintiffs below filed a motion for partial summary judgment on the issue of strict liability as to Sun Pipe Line and the court granted the motion of the plaintiffs below for partial summary judgment on July 16, 1986.

The liability issue based on negligence was tried before Bortner, J. and a jury in *Cipriani v. Sun Pipe Line Company*. On October 20, 1986 the jury returned its

verdict and apportioned liability as follows: (1) Tri–State Telecommunications, Inc.—40%; (2) Sun Pipe Line Company—18%; (3) Jan Gouza—15%; (4) E.A. Design, Ltd.—14%; (5) Davis Enterprises—13%; and (6) Pennsylvania One–Call System, Inc.—0%. All defendants waived post-trial motions except Gouza and Sun Pipe Line Company and their motions were denied on August 23, 1988. An appeal was filed with this court in *Cipriani v. Sun Pipe Line Company* at 2857, 2858, 2859 and 3063 Phila.1988.[1]

In September 1989, the damage claim of *Leonard Melso, et al. v. Sun Pipe Line Company, et al.*, which is the subject of this appeal, was tried before Bortner, J. and a jury. The court molded the verdict into one in favor of the defendants. The motions of Leonard Melso, et al. for a new trial and of the defendants below for judgment *non obstante veredicto* were denied.[2] Direct appeals were filed to this court by Leonard Melso, et al. and cross-appeals were filed by the defendants below.

■ We will first consider the direct appeal by Leonard Melso, et al. from the order of March 28, 1989 which denied their motion for new trial and entered judgment for the defendants below. Our scope of review in assessing the trial court's denial of a motion for new trial is whether the court clearly and palpably abused its discretion or committed an error of law which controlled the outcome of the

1. The appeals at 2857 and 2858, Phila.1988 were denied *per curiam* by this court on January 27, 1989. On March 23, 1990 the Supreme Court granted the motion of Sun Pipe Line Company for allowance of appeals and remanded the appeals at 2857 and 2858, Phila.1988 to the Superior Court "for disposition of the issues presented ... if properly preserved in post-trial motions." Cipriani v. Sun Pipe Line Company, 524 Pa. 331, 572 A.2d 2 (1990).

2. The court below held that it would consider the defendants' motion for judgment *non obstante veredicto* notwithstanding that they were the verdict winners on the basis of *DeFazio v. Labe*, 518 Pa. 390, 543 A.2d 540 (1988) which held that Pa.R.C.P. 227.1 entitled any party to move for such judgment. The court recognized that a denial of the motion for judgment n.o.v. could substantially affect the defendants' rights, notwithstanding that they were the verdict winners if Melsos, et al. should succeed in their motion for a new trial as "defendants would be 'losers' in the sense that they would have to endure another lengthy trial in which they believed the plaintiffs' proofs are deficient in the first place." (Opinion of court below, page 20)

584

case. *Sweitzer v. Dempster Systems,* 372 Pa.Super. 449, 539 A.2d 880 (1988); *Gray v. H.C. Duke & Sons, Inc.,* 387 Pa.Super. 95, 563 A.2d 1201 (1989). The court below, in a carefully reasoned opinion analyzed all of the assertions raised by the appellants, Leonard Melso, et al. as to why they should be granted a new trial. We adopt the opinion of the court below which denied the motion of the plaintiffs below for a new trial and of the defendants for judgment n.o.v.

Cross-appeals were filed by Davis Enterprise at No. 1118 Phila.1989, Sun Pipe Line Company at No. 1139 Phila.1989, E.A. Design, Ltd. at No. 1160 Phila.1989, and Jan Gouza and Pickering, Corts & Summerson at No. 1161 Phila.1989.[3] Cross-appeals were taken from the orders of the court below dated February 21, 1985, April 1, 1985, July 16, 1985, July 16, 1986, August 23, 1988 and March 28, 1989. The appeal of Leonard Melso, et al. at 1058 Phila.1989 was also from the order of March 28, 1989.

Since the orders appealed from in the cross-appeals are so diverse, they must be considered individually. The order of February 21, 1985 by Rufe, J. granted the plaintiffs', Leonard Melso, et al., motions for class action certification pursuant to Pa. R.C.P. 1710.[4]

The orders of July 16, 1985 and July 16, 1986 are as follows, and it is from these specific orders that Sun Pipe Line Company has filed cross-appeals:

> **AND NOW,** this 16th day of July, 1985, it is hereby ordered that the motion of defendant, Sun Pipe Line Company, for partial summary judgment is denied, dismissed and overruled.

.    .    .    .    .

**3.** Appellants, Leonard Melso, Lynn Melso, Melissa Miles, and Justin Melso, filed a motion to dismiss the cross-appeals which this court denied *per curiam* on July 5, 1989 without prejudice to the parties to raise the issues set forth in the motions in briefs or at oral argument. The issues have therefore been preserved as they were presented in the briefs and reply briefs of the various parties.

**4.** The order of April 1, 1985 delineated a specific geographical area, the residents of which would constitute the class.

AND NOW, this July 16, 1986, upon the cross-motions of plaintiffs and defendant Sun Pipe Line Co., it is hereby ordered that plaintiffs' motion for partial summary judgment on the issue of strict liability is hereby granted.

First, we must determine whether the motions of Leonard Melso, et al. to dismiss the cross-appeals filed by the various defendants below should be granted. The order of July 16, 1986 granting the plaintiffs' motion for partial summary judgment on the issue of strict liability was not appealable until after the entry of the order of March 28, 1989, from which all parties filed timely appeals. That order provided that the motion of plaintiffs, Leonard Melso, et al., for a new trial was denied and judgment was entered for the defendants. We now determine that in the matter before this panel, the appeal from the order of July 16, 1986 was timely filed.

The court below in *Cipriani v. Sun Pipe Line Company,* 45 D. & C. 3d 135 (1986) found Sun Pipe Line Company strictly liable under §§ 519 and 520 Restatement (Second) of Torts, as it engaged in an abnormally dangerous activity.[5] Accordingly, it entered partial summary judgment in favor of the plaintiffs below. In this the court erred. Summary

---

**5.** Section 519, Restatement (Second) of Torts provides:

§ **519. General Principle**

(1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.

(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.

§ **520. Abnormally Dangerous Activities**

In determining whether an activity is abnormally dangerous, the following factors are to be considered:

(a) existence of a high degree of risk of some harm to the person, land or chattels of others;

(b) likelihood that the harm that results from it will be great;

(c) inability to eliminate the risk by the exercise of reasonable care;

(d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on; and

(f) extent to which its value to the community is outweighed by its dangerous attributes.

judgment should be entered only where the pleadings, depositions, answers to interrogatories and admissions on file show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Hedlund Manufacturing Co. v. Weiser, Stapler & Spivak*, 517 Pa. 522, 539 A.2d 357 (1988); *Gabovitz v. State Auto Insurance Association*, 362 Pa.Super. 17, 523 A.2d 403 (1987); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 452 A.2d 269 (1982); Pa.R.C.P. 1035(b). Summary judgment may be entered only in cases that are clear and free from doubt. *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Super. 425, 456 A.2d 1009 (1983); *Dunn v. Teti*, 280 Pa.Super. 399, 421 A.2d 782 (1980); *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 421 A.2d 747 (1980). In addition, we must examine the record in the light most favorable to the non-moving party's pleadings and give the non-mover the benefit of all reasonable inferences to be drawn therefrom. *Ferguson v. King*, 362 Pa.Super. 543, 524 A.2d 1372 (1987); *Metal Bank of America v. Insurance Company of North America*, 360 Pa.Super. 350, 520 A.2d 493 (1987). A trial court's grant of summary judgment will be overturned only if there has been an error of law or clear abuse of discretion. *Jones v. Keystone Insurance Co.*, 364 Pa.Super. 318, 528 A.2d 177 (1987). In the circumstances of this case, we find that the court below abused its discretion in determining that Sun Pipe Line Company was strictly liable for the accident that occurred.

The court must determine as a matter of law whether an activity is abnormally dangerous so that strict liability will be imposed. *Albig v. Municipal Authority of Westmoreland County*, 348 Pa.Super. 505, 502 A.2d 658 (1985).[6] The court below erred, in our opinion, in determining that the operation of a petroleum pipeline under Newtown Crossing was an abnormally dangerous activity so

6. The court pointed out in *Albig v. Municipal Authority of Westmoreland County*, 348 Pa.Super. at 511, 502 A.2d at 661: "The issue of absolute liability, if not entirely novel, is less than fully settled in the law of this Commonwealth."

that Sun Pipe Line was subject to liability for harm even if it took all reasonable care and the rupture in the line was caused by the intervening act of a third party. The court below determined that there was potential for pipeline gasoline causing an "environmental catastrophe of considerable magnitude" and "the pipeline transportation of large quantities of gasoline underneath a residential community is neither a matter of common usage, nor an activity appropriate to the place where it is carried on." In the instant case, the pipeline was in place before the development of Newtown Crossing was built. Further, the transmission on land of natural gas and petroleum products by pipeline, train or motor vehicle, is a common activity in a highly industrialized society such as our own.

■ An analogy between the transmission of natural gas and petroleum products is appropriate. In *Hartman v. Citizens Natural Gas Co.*, 210 Pa. 19, 21, 59 A. 315 (1904) the Supreme Court approved a jury instruction which charged the jury: "The measure of care is not that of an insurer to every one who sustains loss by reason of gas escaping and exploding, but it is liable for an explosion where it knew or by the exercise of ordinary care should have known of the defect in its pipes or mains." In *Anstine v. Columbia Gas of Pennsylvania, Inc.*, 98 York L.R. 111 (1984) the court refused to impose strict liability under § 520 of the Restatement (Second) of Torts. In *Cities Service Pipe Line Company v. United States*, 742 F.2d 626 (Fed.Cir.1984) the court rejected the contention that operation of a petroleum pipeline is an abnormally dangerous activity. In our case, the leak was allegedly caused by the intervening negligence of Tri–State Telecommunications, Inc. and the obligation of Sun Pipe Line Company does not rise to that of an insurer.

■ The court below also imposed strict liability on Sun Pipe Line Company under the Free Pipe Line Act of 1883, 15 Pa.C.S. § 3351(g) which provides, *inter alia:*

Any company laying a pipeline within this Commonwealth shall be liable for all damages occasioned by

leakage, breaking of pipes or tanks, or any negligence in the construction, maintenance or operation thereof.

We do not agree that the Act imposes strict liability on Sun Pipe Line Company as the owner of a pipeline through which petroleum products flow. *Behling v. Southwest Penn Pipe Lines*, 160 Pa. 359, 28 A. 777 (1894) involved a defendant which operated pipelines for the transportation of oil. A fire broke out near the pipeline and the intense heat caused the pipe to burst. As a result of this, a spray of oil emitted from the pipe toward the plaintiff's house which caught fire and was destroyed. A verdict was entered for the plaintiff in the court below which was reversed on appeal to the Supreme Court. The plaintiff argued that under the Free Pipe Line Act, the owner of the pipeline was liable. The Supreme Court refused to impose strict liability upon the defendant and instead, inquired as to whether the laying of the defendant's pipe at the location where it was placed was the cause of the destruction of the plaintiff's house by fire. The court stated at 160 Pa. at 365, 28 A. 777:

This was a lawful purpose, undertaken by a corporation organized according to law, and carried on in the usual manner. No complaint is made of the material employed, nor of the manner in which the line was laid. It is not alleged that its use for the purposes for which it was intended was dangerous to the property of the plaintiff, nor that it might not have been operated for years without danger to any one. There is no negligence charged in either the construction or operation of the line.

. . . . .

This stream of burning oil descending the run and passing within twenty-five feet of the plaintiff's house was, as to the pipe lines, an independent, intervening cause. *But for this the two inch branch would not have burst, and, if it had, would have done no substantial injury.* This is not a case where concurrent causes are involved, *for the pipe line without the stream of burning oil was harmless.* (Emphasis added.)

In our case, the pipeline caused no harm until Tri–State Telecommunications, Inc. allegedly bore into the pipeline when installing underground cables.

Two other factors also compel us to reach the conclusion that the 1883 Act did not intend to impose strict liability upon the operation of a pipeline for transporting petroleum products where the breaking of the pipeline is due to the intervening act of a third party. One hundred years ago the doctrine of liability without fault was not a part of our jurisprudence as we know it today. Even in 1986, as Judge Wieand pointed out in *Albig v. Municipal Authority of Westmoreland County, supra,* the issue of absolute liability is not fully settled in this Commonwealth. Secondly, we do not find that the language of the statute clearly imposes absolute liability. We do not share the view of the court below that the imposition of strict liability is clearly mandated by the statute. In our opinion, the statute is ambiguous. In the first part of the sentence under consideration, it provides that a company laying a pipeline shall be liable for all damages caused by leakage from the pipe and in the same sentence imposes liability for "negligence" in the construction, maintenance or operation of the line. If the statute were to impose absolute liability, there would be no reason to impose liability for negligence.

A different interpretation than ours was reached in *Atlantic Pipe Line Company v. Dredge Philadelphia,* 247 F.Supp. 857 (E.D.Pa.1965) in which the district court found that the operator of a gasoline pipeline under the Schuylkill River was responsible for leakage notwithstanding that the pipes were punctured by steel columns lowered into the river as part of a dredging project. Although the court determined that the Free Pipe Line Act of 1883 imposed absolute liability on the pipeline owner, it conceded that the "provision is in derogation of common law and requires a strict construction ..." 247 F.Supp. 863. In any event, we are not bound by a United States District Court's interpretation of a Pennsylvania statute.

*Jackson v. United States Pipe Line Company,* 325 Pa. 436, 191 A. 165 (1937) does not support appellants' theory that the Free Pipe Line Act imposes liability without fault in all circumstances. In *Jackson, supra,* a pipe that was laid some thirty years before leaked and oil was discovered in nearby wells in large quantities. There was no evidence that the pipes were broken by a third party. The court stated at 325 Pa. 438: "Under the Act of June 2, 1883, P.L. 61, Section 2, appellant is liable without proof of negligence, if oil from its pipe line polluted the well." This must be read in the context of the factual situation, and the case cannot be construed as overruling *Behling v. Southwest Pennsylvania Pipe Lines, supra,* which dealt with an intervening act causing damage to the pipe.

■ In our opinion, the Free Pipe Line Act of 1883 does not impose strict liability upon the owner of a pipeline where damage to the line is caused by the negligence of a third party, and as a result of an intervening cause, petroleum leaks out of the pipe. The appellees' motion to dismiss the cross-appeal from the order of July 16, 1986 is denied and the order is reversed.

■ Finally, we consider the cross-appeals from the certification of the cases as a class action. The cross-appellants did not address the issue of class certification after the liability trial in *Cipriani v. Sun Pipe Line Company* or the trial for damages in *Melso v. Sun Pipe Line Company* and the issue is now waived. A party may not ordinarily raise a claim for the first time at the appellate level. *Marzullo v. Stop-N-Go Food Stores,* 364 Pa.Super. 106, 527 A.2d 550 (1987); *Valvano v. Galardi,* 363 Pa.Super. 584, 526 A.2d 1216 (1987). The reason for this is that the trial court must be given an opportunity to consider any issues before they are raised on appeal. *Szakmeister v. Szakmeister,* 344 Pa.Super. 465, 496 A.2d 1199 (1985); *Cherry v. Willer,* 317 Pa.Super. 58, 463 A.2d 1082 (1983). Failure to raise the issues in post-trial motions under Pa.R.C.P. 227.1 results in the waiver of the issue on appeal. *Pencil v. Buchart,* 380

Pa.Super. 205, 551 A.2d 302 (1988).[7] Even if we consider the question of the propriety of certification on the merits, we are persuaded by the opinion of the court by Rufe, J. in *Cipriani v. Sun Pipe Line Company*, 46 Bucks Co. L.R. 249 (1985), that certification was proper.

Order of July 16, 1986 reversed and all other orders affirmed.

---

7.   Pa.R.C.P. 227.1 has been amended, effective January 1, 1990. However, the prior rule was in effect at the time of the proceedings in the court below.