Eric BANKS, et al., Plaintiffs,

v.

ASHLAND OIL COMPANY Defendant.

No. CIV. A. 00–3622.

United States District Court,
E.D. Pennsylvania.

Jan. 12, 2001.

Joseph F. Bouvier, Eugene Mattioni, Mattioni, Mattioni & Mattioni, Ltd., Philadelphia, PA, for Plaintiffs.

Richard C. Biedrzycki, Phelan, Pettit & Biedezycki, Philadelphia, PA, for Defendant.

## MEMORANDUM.

EDUARDO C. ROBRENO, District Judge.

This consolidated case involves the discharge of allegedly hazardous vapors from the chemical plant of defendant Ashland Oil Company ("Ashland"), which allegedly caused plaintiff Jeffrey Lentine ("Lentine") personal injuries.

The complaint asserts three counts. Count I involves a claim of negligence; Count II asserts a claim in strict liability; and Count III alleges a claim for a violation of Pennsylvania's Storage Tank and Spill Protection Act ("STSPA"), 35 Pa. Stat. Ann. § 6021.101, *et. seq.* The case is before the court pursuant to its diversity jurisdiction. Pennsylvania law applies.

Ashland has moved to dismiss counts II and III for failure to state a cause of action and to strike under Count I references to the theories asserted in Counts II and III which it is seeking to dismiss and to the doctrine of res ipsa loquitur. Plaintiff Lentine has responded to the motion.

The court finds that Count II states a cause of action because, at this state of the

proceedings, the court cannot conclude that under no set of facts can Lentine show that Ashland's conduct constituted an abnormally dangerous activity; but that Count III involving STSPA fails to state a cause of action because that statute does not provide for a private right of action for personal injuries arising from the release of allegedly dangerous vapors into the atmosphere. Finally, under Count I, the references to the STSPA will be stricken but not the references to strict liability and the doctrine of res ipsa loquitur.

## I.

According to the complaint, on August 20, 1998, a discharge of "dangerous, toxic, and noxious chemicals" escaped into the atmosphere surrounding the chemical plant of Ashland which is located in Philadelphia, Pennsylvania and that Ashland caused the discharge to occur. Plaintiff's Complaint, doc. no. 1, ¶ 6. Lentine claims that at the time of the discharge he was working at a business site close to the Ashland plant. Lentine further claims that as a result of the discharge, he was "exposed to, surrounded by and inhaled ... dangerous, toxic and noxious [chemicals]," Plaintiff's Complaint, ¶ 7, and that exposure to the discharged vapors caused him physical injury.

## II.

In reviewing a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), all allegations in the complaint and all reasonable inferences that can be drawn from the complaint must be accepted as true and viewed in the light most favorable to the non-moving party. *Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987); *United Products Corp. v. Admiral Tool & Mfg. Co.,* 122 F.Supp.2d 560, 565 (E.D.Pa.2000). The complaint may be dismissed only if it appears that plaintiff cannot establish any set of facts in support of his claims which would entitle him to relief. *Alexander v. Whitman,* 114 F.3d 1392, 1397 (3d Cir.1997). Because Lentine

asserts several claims against Ashland, each claim challenged by the defendant must be examined separately to determine *if that claim can withstand a motion to dismiss. See, e.g., Disante v. Henderson,* No. Civ. A. 98–5703, 2000 WL 250225 * 4 (E.D.Pa. March 2, 2000) (noting court must review each count separately).

### (a)

In Count II of the complaint, Lentine asserts a state-law claim for strict liability. Specifically, he alleges that Ashland "was engaged in an ultrahazardous activity, namely the storage, processing, manufacturing, blending, mixing and/or heating of dangerous, toxic and noxious chemicals." Plaintiff's Complaint ¶ 16. Ashland, in its motion to dismiss, has asserted that "as a matter of law, strict liability does not apply to Ashland's alleged activities in this case." Ashland's Motion at 4.

The question of whether an activity is abnormally dangerous and, therefore, strict liability should apply is a matter of law for the court to decide. *Melso v. Sun Pipe Line Co.,* 394 Pa.Super. 578, 576 A.2d 999, 1003 (1990). While the common law doctrine of absolute liability is "less than fully settled" in Pennsylvania, *Albig v. Mun. Auth.,* 348 Pa.Super. 505, 502 A.2d 658, 661 (1985), the Superior Court of Pennsylvania, in several cases, has adopted Sections 519 and 520 of the Restatement (Second) of Torts for determining whether an activity is abnormally dangerous. *See, e.g., Diffenderfer v. Staner,* 722 A.2d 1103, 1107 (1998) (adopting §§ 519 and 520 of the Restatement(Second) of Torts); *Melso,* 576 A.2d at 1002–03 (same); *Smith v. Weaver,* 445 Pa.Super. 461, 665 A.2d 1215, 1219–20 (1995) (same); *Albig,* 502 A.2d at 662–63 (same).

Section 519 of the Restatement states, in pertinent part, that "[o]ne who carries on an abnormally dangerous activity is subject to liability for harm ... of another resulting from the activity, although he exercised the utmost care to prevent the harm." Restatement (Second) of Torts

§ 519(1) (1977); *see also Diffenderfer,* 722 A.2d at 1108 (1998) (applying this part of the Restatement). Section 520 enumerates a list of factors the court should consider in determining whether an activity is abnormally dangerous. These factors are as follows:

(a) existence of a high degree of risk of some harm to the person, land or chattels of others;

(b) likelihood that the harm that results from it will be great;

(c) inability to eliminate the risk by the exercise of reasonable care;

(d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on; and

(f) extent to which its value to the community is outweighed by its dangerous attributes.

Restatement (Second) of Torts §§ 520 (1977).

■ In its motion, Ashland cites four Pennsylvania appellate decisions in which the Superior Court refused to find the storage or transmission of potentially dangerous products by a business or municipality to be an abnormally dangerous activity. *See Diffenderfer,* 722 A.2d at 1109 (finding storage of highly toxic insecticide in barn was not abnormally dangerous); *Melso,* 576 A.2d at 1003 (finding underground petroleum pipeline was not abnormally dangerous); *Smith,* 665 A.2d at 1220 (finding underground storage tanks for gasoline station were not abnormally dangerous); *Albig,* 502 A.2d at 664 (finding hillside reservoir near residential community was not abnormally dangerous). However, in three out of the four decisions the court had a substantial evidentiary record before it at the time it applied the Section 520 factors. *See Diffenderfer,* 722 A.2d at 1104 (deciding party's appeal to a trial verdict); *Melso,* 576 A.2d at 1002 (deciding cross-appeals to parties' motions for partial summary judgment); *Albig,* 502 A.2d at 664 (deciding party's appeal to a

trial verdict). Even in the fourth one, where the court granted the defendant's demurrer, the court had before it sufficient facts set out in the pleadings from which it could find that the Section 520 factors weighed in favor of dismissal. *Smith,* 665 A.2d at 1220. Because in this case, unlike the cases decided by the Superior Court, the court lacks a sufficiently developed record to evaluate whether the Section 520 factors warrant a finding that Ashland was engaged in an abnormally dangerous activity, the court will deny Ashland's motion to dismiss Count II. *See Lutz v. Chromatex, Inc.,* 718 F.Supp. 413, 430 (M.D.Pa.1989) (" '[T]here are many factors that come into the equation when attempting to determine whether an activity is abnormally dangerous, and to properly analyze the question and issues involved the Court will require a more complete record.") (quoting *Piccolini v. Simon's Wrecking,* 686 F.Supp. 1063, 1069–70 (M.D.Pa.1988)). If appropriate, of course, Ashland may reassert this defense after discovery is closed by way of a motion for summary judgment.

(b)

In Count III, Lentine seeks damages for personal injuries it suffered as a result of Ashland's alleged violation of STSPA. Lentine claims that Ashland was "engaged in the storage of dangerous, toxic, noxious chemicals and/or other regulated substances," and, therefore, that Ashland was subject to the STSPA.

The STSPA states that "storage tank releases [are] a threat to the public health and safety of this Commonwealth." 35 P.S. § 6021.102(b). The purpose of the statute is "to prevent the occurrence of these releases." *Id.* The language of the statute describes the resources it aims to protect as the "lands and waters of this Commonwealth." 35 P.S. § 6021.102(a). The STSPA may be enforced through a private cause of action. 35 P.S. § 6021.1305(c). The Pennsylvania courts have found that a private cause of action

under the STSPA is available "to collect costs for cleanup and diminution in property value," *see Centolanza v. Lehigh Valley Dairies, Inc.,* 540 Pa. 398, 658 A.2d 336, 340 (1995), as well as damages for personal injury, *see Wack v. Farmland Indus., Inc.,* 1999 Pa.Super. 327, 744 A.2d 265, 268 (1999).

The court finds that the STSPA is not available to plaintiff in this case because the statute itself is limited in its reach to "lands and water" and provides no protections for discharges of chemical vapors into the air. The two cases cited by Lentine, *Centolanza* and *Wack* are not apposite in that both of these cases involved recovery for leakages of petroleum products from underground storage tanks and did not involve discharge of vapor into the atmosphere. *See Centolanza,* 658 A.2d at 337; *Wack,* 744 A.2d at 267. The court, therefore, will grant defendant Ashland's motion to dismiss Count III of plaintiff Lentine's complaint.

(c)

Finally, defendant Ashland requests that this court strike paragraphs 8(i), 8(j), and 8(m), which contain references to strict liability, a violation of STSPA, and res ipsa loquitur, respectively. These paragraphs are included under Count I, plaintiff's negligence claim. Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Because the court has found that Count III of Lentine's complaint does not state a cause of action under Pennsylvania law, the court will grant Ashland's motion with regard to paragraph 8(j). However, the court will deny Ashland's motion with regard to paragraph 8(i), which refers to Lentine's strict liability claim. Because the court has not dismissed Count II, there is nothing "redundant, immaterial, impertinent, or scandalous" in paragraph 8(i), including this reference to strict liability.

Ashland also asserts that the court should strike Lentine's reference to res ipsa loquitur in paragraph 8(m) of his complaint. Ashland argues that because res ipsa loquitur is a rule of evidence, it should be stricken. Although Ashland correctly states that, under Pennsylvania law, res ipsa loquitur is a rule of evidence, *see D'Ardenne v. Strawbridge & Clothier,* 712 A.2d 318 (1998), the federal courts' liberal pleading standard does not preclude a party from including a reference to res ipsa loquitur in a claim of negligence. In fact, the Third Circuit has recognized that res ipsa loquitur does not need "to be pleaded in the complaint or noticed by specific designation to the adverse party at a pretrial or at trial." *Hollywood Shop, Inc. v. Pa. Gas & Water Co.,* 270 Pa.Super. 245, 411 A.2d 509, 513 (1979) (citing *Fassbinder v. Pa. R. Co.,* 322 F.2d 859, 863 (3d Cir. 1963)). Because there is no requirement that res ipsa loquitur be pled separately or pled at all and because this court does not find its inclusion "redundant, immaterial, impertinent, or scandalous" under Rule 12(f), the court will deny Ashland's request to strike paragraph 8(m) from Lentine's complaint.

III.

For the reasons stated above, the court will deny Ashland's motion to dismiss Count II of Lentine's complaint, because without a sufficient evidentiary record, the court cannot determine that under no set of facts can Lentine show that Ashland's conduct constituted an abnormally dangerous activity The court, however, will dismiss Count III of Lentine's complaint. Furthermore, the court will grant in part and deny in part Ashland's motion to strike. The court will strike paragraph 8(j), as it refers to Count III dismissed by this court. The court will, however, deny Ashland's motion to strike paragraphs 8(i) and 8(m).