J-A02012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GEMMA PIERCHALSKI AND JOSEPH B. ABRAHAM | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 672 WDA 2019 |
| EDWARD THOMAS | : | |

Appeal from the Judgment Entered April 4, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-14-008993

BEFORE:  SHOGAN, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 26, 2020**

Gemma Pierchalski ("Pierchalski") and Joseph B. Abraham ("Abraham") (collectively, "Appellants") appeal from the April 4, 2019 order entering judgment in their favor, following a jury trial.  After careful review, we affirm.

This appeal stems from a rear-end collision that occurred in June of 2012.  Appellants filed the underlying action against Edward Thomas ("Appellee") seeking economic and non-economic damages due to injuries Pierchalski suffered in the accident.  The jury trial lasted seven days.[1]  During

---

[1]  We note that although it appears the trial began on September 20, 2018, and continued on September 21, 2018, the notes of testimony for those days are not included in the certified record.  This Court attempted to locate a copy of the transcripts, but we were unsuccessful.  We also found that while Appellee included the deposition testimony of both Appellants' and Appellee's

the course of the trial, Pierchalski testified regarding the accident and alleged injuries. N.T., 9/24/18-9/25/18; 9/27/18. They also presented the testimony of a forensic economist, Matthew Hanak; her husband, Abraham, and the video deposition testimony of their medical expert, Dr. Daniel T. Altman. Appellee testified on his own behalf and presented the video deposition of his medical expert, Dr. Howard Senter. While Appellee admitted fault for the accident, N.T. 9/27/18, at 665, he argued that Pierchalski's pain and injuries were not caused by the 2012 accident but rather, were caused by any number of prior and subsequent car accidents in which Pierchalski had been involved. N.T., 9/28/18, at 757-759. Following the trial, the jury returned a verdict in favor of Appellants for $1,455.99 in economic losses. *Id*. at 828-829. The jury found that Appellee's negligence was the factual cause of Pierchalski's injuries but failed to award any compensation for past medical expenses, past and future pain and suffering, or loss of consortium. Verdict Slip, 9/28/18.

Appellants filed post-trial motions containing 271 paragraphs and alleging multiple errors on the part of the trial court. Plaintiffs' Motions for Post Trial Relief Pursuant to Pa.R.C.P. 227.1, 10/9/18. The trial court

_____

experts in his supplemental certified record, the same were not included in the certified record. This Court was able to locate those documents, and they were added to the certified record on April 17, 2020. It is an appellant's duty to ensure that the certified record is complete. *Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104 n.1 (Pa. Super. 2011). Although we could find waiver, neither party cites to or relies upon any testimony from the missing days' transcripts, so we proceed with our review.

scheduled argument on Appellants' post-trial motions for December 4, 2018. On October 26, 2018, Appellee filed a motion to quash Appellants' post-trial motions for failing to comply with Local Rule 227.1(b) of the Allegheny County Rules of Civil Procedure. The trial court ultimately denied Appellee's motion to quash and following argument and consideration of the briefs, the trial court denied Appellants' post-trial motions on December 10, 2018. Order, 12/10/18.

Appellants sent the trial court correspondence, informing the court that they were expecting an opinion in the instant case. Trial Court Opinion, 6/21/19, at 3. In response, the trial court noted that as of March 14, 2019, neither party had filed a praecipe to enter judgment. *Id.* In April of 2019, Appellee sought to have the docket marked satisfied and discontinued. Motion to Have Docket Marked as Satisfied and Discontinued, 4/4/19. Appellants filed a motion in opposition. On April 4, 2019, Judge Alan Hertzberg entered judgment on the September 2018 jury verdict and ruled that Appellants had forfeited their right to appeal from the denial of their post-trial motions because they failed to appeal within thirty days of the denial of those motions. Order, 4/4/19. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellants present the following questions for our review:

> 1. Should a new trial be ordered on the ground that the jury's verdict is inadequate when the jury awarded economic damages that were lost as the result of pain yet failed to award non-economic damages for pain and suffering?

- 3 -

2.      Should a new trial be ordered on the grounds that the [t]rial [c]ourt permitted the introduction of prejudicial evidence of prior and subsequent accidents with injuries that were unrelated to the accident at issue?

3.      Should a new trial be ordered on the grounds that the [t]rial [c]ourt permitted Appellee to introduce evidence of prior inconsistent statements that were withheld from Appellants in violation of a discovery order and used in ambush at trial?

4.      Can a trial court deny [Appellants'] right to file an appeal with the Superior Court of Pennsylvania for not filing a notice of appeal without thirty days of denial of post[-]trial motions when neither party has moved for a judgment to be entered on to the trial court docket?

Appellants' Brief at 8-9.

Although Appellants present the waiver issue as their final issue, we will address it before we reach the merits of the appeal.  In that issue, Appellants aver that the trial court erred when it held that they waived their appeal by failing to file their notice of appeal within thirty days of the order denying their post-trial motions.  Appellants' Brief at 34.  In support of their argument, Appellants posit that because they filed their notice of appeal within thirty days of the entry of judgment, the court erred when it found they waived their right to appeal the denial of their post-trial motions.  *Id.*  Appellee argues that the trial court did not err because pursuant to Pa.R.A.P. 903, a notice of appeal should be filed within thirty days after the entry of the order from which the appeal is taken.  Appellee's Brief at 27.  Appellee notes that the entry of judgment is a "precondition" to the appeal, but argues that Appellants should

have entered judgment against him, and their failure to do so rendered their appeal untimely. *Id*. at 28.

In *Johnston the Florist v. Tedco Construction Co.*, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*), this Court noted that an appeal from an order denying post-trial motions is interlocutory. We further found that an appeal to this Court can only lie "from judgments entered subsequent to the trial court disposition of any post-verdict motions, not from the order denying post-trial motions." *Id. See also Drum v. Shaull Equipment and Supply Co.*, 760 A.2d 5, 8 n.1 (Pa. Super. 2000) (finding that although this Court did not have jurisdiction to hear an interlocutory appeal from the denial of a post-trial motion where judgment has not been entered, this Court may hear the appeal where final judgment was entered during the pendency of the appeal). In the instant case, judgment was entered on April 4, 2019. Order, 4/4/19. Appellants filed their notice of appeal on May 1, 2019, from the order entering judgment. Appellants' Notice of Appeal to the Superior Court, 5/1/19, at 2. Thus, Appellants have appealed from entry of judgment and not the denial of the post-trial motions; thus, we will reach the merits of the appeal.

Turning to Appellant's first issue on appeal, Appellants aver that the trial court should have awarded them a new trial because the jury's award is contrary to the weight of the evidence. Appellants' Brief at 16. Appellants argue that because the jury was presented with "uncontroverted evidence of pain and suffering[, it] must award non-economic damages for the same," and

the failure to do so is "contrary to the weight of the evidence." ***Id***. Specifically, Appellants aver that there was no dispute that Pierchalski "suffered pain." ***Id***. Moreover, Appellants aver that Pierchalski testified that she could not work because of her pain, she ultimately sold her dental practice, and that the "jury was provided no other explanation as to why [Pierchalski] could not work for this period.... [A]s such, the trial court did not have a reasonably (*sic*) basis to conclude that the jury did not believe that [Pierchalski] suffered any pain." ***Id***. at 17.

In response, Appellee posits that the injuries suffered by Pierchalski were minor and were non-compensable. Appellee's Brief at 6. Appellee argues that the jury believed that Pierchalski's injuries were insignificant because she testified that she was able to exit the car immediately after the accident, and she did not go to the hospital after the accident but rather, followed up with her primary care physician complaining of bruising on her hands and knees. Appellee's Brief at 9 (citing N.T. 9/24/18, at 330, 331; Deposition Transcript of Dr. Daniel Altman, 9/24/18, at 23 (Dr. Altman's videotaped deposition was played for the jury during the trial, N.T., 9/26/18, at 601); Deposition Transcript of Dr. Howard Senter, 8/14/18, at 12, (Dr. Senter's videotaped deposition was played for the jury during the trial, N.T., 9/27/18, at 683) Moreover, Appellee points out that there was no clinical or radiographic evidence showing Pierchalski was injured as a result of the accident. Appellee's Brief at 9. (citing Senter deposition, 8/14/18, at 38, 119).

- 6 -

Finally, Appellee notes that Appellants' expert examined Pierchalski a few months after the accident and "found only stiffness in Pierchalski's neck and no objective evidence of traumatic injury." *Id*. (citing Altman deposition, 9/24/18, at 26).

When reviewing the denial of a motion for a new trial, our standard of review is well established.

> The Superior Court's standard for reviewing the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably abused its discretion or committed an error of law which affected the outcome of the case. ***Melso v. Sun Pipe Line Co.,*** 394 Pa.Super. 578, 576 A.2d 999 (1990), *appeal denied,* 527 Pa. 667, 593 A.2d 842 (1991); ***Cooper v. Burns***, 376 Pa.Super. 276, 545 A.2d 935 (1988), *appeal denied,* 522 Pa. 619, 563 A.2d 888 (1989). We will reverse the trial court's denial of a new trial only where there is a clear abuse of discretion or an error of law which controlled the outcome of the case. ***Vignoli v. Standard Motor Freight, Inc.,*** 418 Pa. 214, 210 A.2d 271 (1965); ***Cashdollar v. Mercy Hospital of Pittsburgh***, 406 Pa.Super. 606, 595 A.2d 70 (1991). The trial court abuses its discretion when it misapplies the law or when it reaches a manifestly unreasonable, biased or prejudiced result. ***Girard Trust Bank v. Remick***, 215 Pa.Super. 375, 258 A.2d 882 (1969). Abuse of discretion may occur through an honest, but erroneous use of discretion. ***Pachesky v. Getz***, 353 Pa.Super. 505, 509, 510 A.2d 776, 778 (1986); ***Adelman v. John McShain, Inc.,*** 148 Pa.Super. 138, 24 A.2d 703 (1942). A new trial may not be granted merely because the evidence conflicts and the jury could have decided for either party. ***Hilbert v. Katz***, 309 Pa.Super. 466, 471, 455 A.2d 704, 706 (1983) (citations omitted). The grant of a new trial is appropriate, however, where the jury verdict may have been based on improperly admitted evidence. ***Wilkes–Barre Iron & Wire Works, Inc. v. Pargas of Wilkes–Barre, Inc. v. Caladie***, 348 Pa.Super. 285, 294, 502 A.2d 210, 215 (1985) (citations omitted).

***Coughlin v. Massaquoi***, 138 A.3d 638, 642-643 (Pa. Super. 2016) (quoting ***Whyte v. Robinson***, 617 A.2d 380, 382 (Pa. Super. 1992)). We note that it

is well established that "generally the determination of whether the pain is severe enough to be compensable is left to the jury." ***Van Kirk v. O'Toole,*** 857 A.2d 183, 186 (Pa. Super. 2004). In this case, the jury heard extensive testimony regarding Pierchalski's subjective complaints of pain. ***See, e.g.,*** N.T., 9/24/18, at 280-294. During trial, Appellee's expert testified that he did not observe any objective evidence of injury and noted that Pierchalski had been complaining of neck pain and numbness in her arms/hands for years prior to the accident. Senter Deposition, 8/14/18, at 15-20 (reviewing Pierchalski's medical history and noting Pierchalski had complained of neck pain, thoracic pain, low back pain, and chronic soft tissue cervical and lumbar symptoms since 2003). Further, during cross examination, Pierchalski repeatedly testified that she had suffered neck and similar injuries in prior and subsequent falls and accidents. N.T., 9/25/18, at 415, 430, 439.

In its opinion, the trial court noted the verdict in this case did not "shock [the] court's [conscience]" given the lack of objective proof of injury. Trial Court Opinion, 7/21/19, at 6. ***See Davis v. Mullen***, 773 A.2d 764, 767 (Pa. 2001) ("A jury's award of medical expenses without compensation for pain and suffering should not be disturbed where the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain and suffering or (2) that a preexisting condition or injury was the sole cause of the alleged pain and suffering."); ***Van Kirk,*** 857 A.2d at 186 (finding that where claim of injury was based on subjective complaints, it would be

reasonable for a jury to award zero damages for pain). Given all of the above, the trial court did not abuse its discretion when it denied Appellants' motion for a new trial because the jury's verdict was not against the weight of the evidence.

In their second issue, Appellants aver that the trial court erred when it admitted evidence of subsequent and prior accidents in which Pierchalski had been involved because that evidence was unfairly prejudicial. Appellants' Brief at 28. A trial court's decision regarding the admissibility of evidence will not be disturbed absent an abuse of discretion. *Czimmer v. Janssen Pharmaceuticals*, *Inc*., 122 A.3d 1043, 1058 (Pa. Super. 2015).

As to subsequent accidents, Appellants argue that the admission of evidence relating to accidents occurring after the accident with Appellee caused unfair prejudice and confused the jury by "casting [Pierchalski] as an individual prone to injuries, a serial litigator or conflating the issue of future lost wages." Appellants' Brief at 29. Appellants admit that while subsequent motor vehicle accidents may be relevant to future earning capacity, the court should have found the prejudicial value outweighed the probative value of the evidence. *Id.* at 30. In its opinion, the trial court stated "[Pierchalski] was making damage claims for the rest of her life. This writer was left to determine whether subsequent injuries to the same areas of [Pierchalski's] body would be relevant to a jury's determination of [Appellee's] liability for same." Trial Court Opinion, 6/19/19, at 9. The court further noted, it would be

"disingenuous to allow the jury to determine [Pierchalski's] present claims of pain and suffering alleged to have occurred in this incident that 'overlap' and repeat claims made in subsequent (and prior, *infra*) accidents." ***Id.*** at 10. We agree and find the trial court did not abuse its discretion when it allowed evidence regarding the Pierchalski's subsequent accidents. ***See McGuire v. Hamler***, 49 A.2d 396 (Pa. 1946) (finding where there are claims of permanent pain or impairment, subsequent accidents may be relevant evidence).

As to prior accidents, Appellants again aver that the trial court erred because their introduction was unfairly prejudicial. Appellants' Brief at 30. Appellants argue that the trial court erred because Appellee had conceded liability in the case and to the extent Pierchalski's medical history was relevant, "the admission of numerous accidents as opposed to merely her medical history caused her unfair prejudice far outweighs the probative value of the same for Appellee." Appellants' Brief at 30-31. The trial court found that as to Pierchalski, "[T]he prior complaints of pain and injury were identical to those in which she now sought damages from [Appellee] in the present case." Trial Court Opinion, 7/21/19, at 14. Indeed, given the similarity in prior injuries and those claimed in the instant case and Pierchalski's claim of aggravation of a pre-existing injury in her complaint, the trial court did not abuse its discretion. ***See Papa v. Pittsburgh Penn–Center Corp.***, 218 A.2d 783, 789 (Pa. 1966) (observing that, "[t]estimony concerning any prior fall [i]s not admissible for any purpose unless the injuries from that alleged

accident could be connected to those claimed in the present suit, so as to raise the inference of a pre-existing condition." ***See also Musselman v. Davison***, 41 D. & C. 4th 302, 308 (Bucks Co. 1999) aff'd, 757 A.2d 1004 (Pa. Super. 2000) *appeal denied*, 795 A.2d 978 (Pa. 2000) (since plaintiff "suffered a concussion in the 1982 fall" and "had suffered from migraines" following car accidents in 1980 and 1986,"[t]hese prior falls and accidents would go to establishing that her migraines and memory loss were prior existing conditions" before her 1990 fall). Here, the trial court found that precluding this information would deprive the jury of the facts necessary to determine whether Appellee was liable for Pierchalski's injuries. Trial Court Opinion, 7/21/19, at 9-10. This decision does not constitute an abuse of discretion.

In support of their third issue, Appellants argue that the trial court erred when it allowed Appellee to impeach Pierchalski with a prior inconsistent statement she made during a 2008 deposition when that statement was withheld and not produced by Appellee during discovery. Appellants' Brief at 32. Appellants posit that Appellee's failure to produce these documents constitutes a violation of the March 2016 discovery order which required Appellee to produce "all prior testimony, depositions, recorded statements, examinations under oath which it has in its possession." Appellants' Brief at 33 (citing Order, 3/16/16).

Although Appellants argue that they objected to the admission of the evidence used to impeach Pierchalski, Appellants fail to set forth the substance

of that evidence and fail to cite to the portion of the record where this alleged error occurred. After a review of the record, it appears that Appellants are referring to a deposition Pierchalski gave in 2008 in another case in which Pierchalski was injured in an automobile accident. N.T., 9/24/18, at 341-352. Although Appellants claim Appellee admitted that he did not produce a copy of the deposition to Appellants, Appellants do not provide any citation for such admission as required by the Rules of Appellate Procedure. Pa.R.A.P. 2119(c) ("If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or a footnote thereto, a reference to the place in the record where the matter referred to appears."). Moreover, given the lack of citation to the record, it is not clear where Appellee used the deposition testimony in question to impeach Pierchalski. "Failing to provide factual background and citation to the record represent serious deviations from the briefing requirements of the Rules of Appellate Procedure. An issue not properly briefed in this manner is considered waived, as such an omission impeded our ability to address the issues on appeal." **Commonwealth v. Einhorn**, 911 A.2d 960, 970 (Pa. Super. 2006) (quoting **Commonwealth v. Miller**, 721 A.2d 1121, 1124 (Pa. Super. 1998)). Thus, we find the issue waived.

Even if we were to reach the merits, however, we would find Appellants are not entitled to relief. Indeed, as the trial court stated, to the extent

Appellee violated the 2016 discovery order by failing to provide Appellants with a copy of her own deposition, this error is harmless. In its opinion, the trial court noted the allowance of this statement, in the face of a "lack of objective medical evidence and credibility found by the jury cannot be considered more than harmless error and is rather in fact fanciful, if not delusional." Trial Court Opinion, 7/21/19, at 13. We agree. A review of the copious record makes clear that there was sufficient evidence and testimony presented upon which the jury could have based its findings. It is well established in this Commonwealth that an error is harmless where it does not affect the verdict. *Yacoub v. Lehigh Valley Medical Associates, P.C.*, 805 A.2d 579, 590 (Pa. Super. 2002) ("[W]e further find that this error did not affect the verdict and was therefore harmless."). *See also Knowles v. Levan*, 15 A.3d 504, 508 n.4 (Pa. Super. 2011) (same).

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2020

- 13 -